## DAMPIER vs. McCALL et al.

1. Where a resident of Brooks county died, leaving as his only heir at law an orphan son more than fourteen years of age and having an estate in common in certain land in Lowndes county, and subsequently the minor went into the latter county and chose as his guardian a cousin residing in that county, who was accordingly appointed as guardian by the ordinary of that county, this was a selection by the minor of the county of Lowndes as that of his residence, and the court of ordinary of that county acquired jurisdiction of him; and the letters of guardianship were properly issued.
2. The superior court of Lowndes county also had jurisdiction to grant a partition of the land between the minor and the other tenant in common, upon regular application therefor by the latter. The guardian having been served and brought before the court, the judgment is conclusive on the minor; and a court of equity will not afterwards inquire into it, in the absence of any suggestion of fraud.

3. The court of ordinary of Lowndes county also had jurisdiction to order a sale of the property of the minor on regular proceedings for that purpose, it being made to appear that it was for the interest of the minor that the property should be sold; and such sale divested the minor of all title to the land.

4. Where, upon arriving at age, the minor filed a bill setting out the above stated facts, alleging that he was a resident of Brooks county at the time the guardian was appointed, and praying that the appointment of the guardian, the partition of the land, the order for sale and the sale thereunder be set aside; that those claiming under him be decreed to account for rents, profits and waste; and that a general decree be made for the sale of the land and a division of the money; such bill was properly dismissed on demurrer.

May 1, 1887.

Jurisdiction. Minors. Domicile. Guardian and Ward. Partition. Before Judge Bower. Brooks Superior Court. November Term, 1886.

Reported in the decision.

Dan. W. Rountree, for plaintiff in error.

J. G. McCall; Harrison & Peeples, for defendants.

Blandford, Justice.

John Dampier died a resident of the county of Brooks, leaving as his only heir at law the plaintiff in error, Remer Dampier. At the time of his death, he was the tenant in common of a certain lot of land in the county of Lowndes with J. D. McCall. Remer Dampier was a minor without either father, mother or guardian, resident at the time of his father's death in the county of Brooks. He then went into the county of Lowndes, and being over fourteen years of age, he chose H. J. Dampier, his cousin, for guardian. The court of ordinary accordingly appointed H. J. Dampier his guardian. McCall sued out a petition for partition of this land, which was duly served upon H. J. Dampier as

guardian of Remer Dampier; and the superior court granted a partition of the land between McCall and Remer Dampier, the minor.

Remer Dampier, having arrived at age, brought his bill, in which he alleges that he was a resident of Brooks county at the time his cousin, H. J. Dampier, was appointed his guardian; and also alleges the facts which I have stated; and he prays that the partition of this land between himself and McCall be set aside; that the judgment of the court of ordinary appointing H. J. Dampier his guardian be also set aside; that an order which had been granted by the court of ordinary of Lowndes county, authorizing a sale of this land by the guardian, and the sale by the guardian under such order, be set aside; and that McCall, and others who claim under him, be decreed to account to him for the rents, profits and waste; and that a general decree be made for the sale of the land and the division of the money. This bill was demurred to, and the superior court sustained the demurrer and dismissed the bill. This is excepted to, and is the error assigned in this case.

1. Under section 1693 of the code, where a minor has neither father, mother nor guardian, he may change his residence at will. He may select any county he chooses to be the county of his residence; and when this minor went into the county of Lowndes, and procured his cousin to be appointed his guardian, he thereby selected the county of Lowndes as the county of his residence; and the court of ordinary of that county, by virtue of his act in selecting his cousin, who was a resident of the county, for his guardian, acquired jurisdiction of the ward, this minor, and the letters of guardianship were properly issued.

2. The superior court had jurisdiction also to grant a partition of the land between McCall and this minor. The guardian having been served with the process and brought before the court, the judgment is conclusive on the minor;

v 78 39

and a court of equity, where, as in this case, there is no suggestion of fraud, will not afterwards inquire into it.

3. The court of ordinary of the county of Lowndes also had jurisdiction to order a sale of the property, where it was made to appear that it was for the interest of the minor that it should be sold. And that sale divested the minor of all title to this land.

4. There is no suggestion of fraud in any of the proceedings had before the ordinary or before the superior court in relation to this matter; but all appear to have been regular and right; and under the circumstances, we think the court below did right to dismiss this bill for want of equity.

The judgment of the court below dismissing the bill is therefore affirmed.