### BUTTS *v.* WHITNEY.

B. having made and delivered to S. a promissory note which the latter, before its maturity, indorsed and transferred to W. as collateral security for an indebtedness due to him by S., and S., on the trial of an action upon the note by W. against B. as maker, having testified, among other things, that B. paid the note to the witness,

that the proceeds of the payment thus made were remitted to and received by W., and were sufficient in amount to pay off the debt secured by the collateral note, and this testimony of S. being undisputed and he having in no way been impeached, W., under the ruling of this court in *Coleman* v. *Jenkins*, 78 *Ga.* 607, was not entitled to recover from B. upon the note; and this is true although W. may not have known that the remittance to him by S. was in fact derived from the proceeds of the collection made by the latter from B.

July 29, 1895. By two Justices.

Complaint on note. Before Judge Jenkins. Hancock superior court. August term, 1894.

James Whitehead and F. L. Little, for plaintiff in error. R. H. Lewis, *contra*.

Simmons, Chief Justice.

Whitney sued Butts as maker and Simmons as indorser upon a promissory note payable to the order of Simmons and indorsed by him. Butts pleaded the general issue, and payment. The jury having found against Butts, he made a motion for a new trial, upon the grounds that the verdict was contrary to law and the evidence, and to a specified portion of the charge of the court. It appears from the evidence, that before the maturity of the note sued upon, Simmons, the payee, indorsed and transferred it to Whitney as collateral security for a debt which he owed Whitney. Butts, the maker of the note, and Simmons testified that Butts paid the note to Simmons, and Simmons testified that he purchased cotton with the money paid him by Butts, and sent it to Whitney, notifying Whitney that it was in payment of this note. Whitney denied that Simmons was authorized to collect for him, but did not deny that Butts paid the note to Simmons, and did not deny that he received from Simmons the proceeds of the payment. In his testimony in rebuttal he merely says on this point: " In 1884 Simmons sent witness as much as 300 or 400 bales of cotton. It is not known to witness, and cannot

be, whether in said 300 or 400 bales of cotton was included any bought by Simmons with cash realized from Butts." On this point therefore the testimony of Simmons stands uncontradicted. There is no evidence impeaching that of Simmons, except in so far as he is contradicted by Whitney on other points, and the jury could not arbitrarily reject his evidence on this point. It being uncontradicted that Whitney received in payment of the note the proceeds of the payment claimed to have been made by the maker to Simmons, the case falls within the ruling of this court in *Coleman & Co.* v. *Jenkins*, 78 *Ga.* 607. It was there held, that "When one gets his due ignorantly, if he is not hurt by his ignorance, it is the same as if he acted with knowledge. Thus, where a negotiable promissory note was transferred before maturity as collateral, and was afterwards paid off in property, not to the holder but to the payee, who collected without authority, and who, after converting the property into money, transmitted the proceeds to the holder as his own money, and the holder applied the same to the secured debt only, not applying it also to the collateral, and not knowing that he was dealing with a fund derived from the collateral, this was a discharge of the collateral debt, notwithstanding such ignorance on the part of the holder." It follows, that the verdict in favor of the defendant was wrong, and a new trial should be awarded.          *Judgment reversed.*