Beck *et al.*, receivers, *vs.* Henderson, and *vice versa.*

BECK *et al.*, receivers, *vs.* HENDERSON. and *vice versa.*

[These cases were argued at the last term, and the decision reserved. Hall, J., being disqualified, did not preside.]

1. Where, under a bill filed by creditors of a railroad corporation, a decree and supplemental decree were rendered, appointing receivers, with power to sell the railroad and all its franchises, and authorizing them to bring suit on all claims due the corporation for unpaid stock or otherwise; and where such decrees were so distinct and certain as to be understood without reference to the pleadings and other proceedings in the case, it was not necessary that such pleadings should be attached to the decree exhibited to the declaration and tendered in evidence.
2. Counsel in an equity case, brought by certain creditors against a railroad company, not agreeing upon some person to preside, the judge of the circuit being disqualified, it was competent for the clerk to name a fit and proper person for that purpose, although the parties had not tried or made any effort to agree; and when tendered in evidence, the decree was not objectionable for that reason.
3. The grant of a nonsuit in this case was erroneous.
4. All the property of a corporation which has ceased to exist and its assets of every description constitute a fund for the payment of its debts. Subscriptions of stockholders may be called in to satisfy creditors, and where such corporation has held itself out to the world and contracted debts on the faith of its proper organization, and a stockholder has stood by and interposed no objection, he is bound, and on a suit by a receiver for the benefit of creditors, he will not be heard to set up any defence as to fraud practiced on him in the organization or acts of the corporation. Such pleas were properly stricken on demurrer.

March 30, 1886.

Equity. Decrees. Evidence. Corporations. Nonsuit. Stockholders. Before Judge LAWSON. Jasper Superior Court. April Term, 1885.

This was an action of complaint in the statutory or short form, brought to the October term, 1875, of Jasper superior court by E. W. Beck, F. D. Dismuke and E. P. Speer, " who bring this suit as commissioners and receivers of the Griffin, Monticello and Madison Railroad Company and its assets, under a decree in chancery in Spalding superior court," against James Henderson. It was alleged that the defendant was indebted " to your petitioners, as commissioners and receivers aforesaid, in the sum of $150, besides interest, on a certain promissory note." Attached to the declaration was a copy of the note sued on. It was dated April 15, 1872, and due seven months after date by the defendant, to the order of the Griffin, Monticello and Madison Railroad Company, for $150, endorsed " James S. Boynton, President."

The plaintiffs amended their declaration by alleging that the corporation was insolvent, its indebtedness being largely in excess of its assets in their hands, or accessible or available to them for the payment of debts; that, at the time of bringing the suit, the indebtedness was about $25,000, which is still due; that the creditors holding such debts, which are in judgment, are Lyon, McLendon & Company and George A. Cunningham & Company, and others whose names are not known to the plaintiffs; that the assets consist solely of notes and subscriptions of stockholders; that, from information and belief, they allege that seventy-five per cent of them are insolvent, and if the entire amount collectible is paid, the sum so collected will be insufficient to pay off the debts, and that the *pro rata* share of defendant liable to creditors of the corporation is the entire amount of principal and interest due on his note sued on.

The defendant demurred to the declaration, on the ground that it did not show any authority in the plaintiffs as receivers. Thereupon the court allowed the plaintiffs to amend by attaching to the declaration a copy of the decree and supplemental decree from Spalding superior court as follows:

"Lyon, McLendon & Co. ⎱
      *vs.* ⎰    ·Bill for account, relief, etc., in
Griffin, Monticello and ⎰   Spalding superior court, and award
  Madison R. R. Co. ⎰      made the judgment of the court.

" An award having been rendered in the above case, accompanied with a written agreement of the parties modifying the same, it is thereupon, for the purpose of executing and enforcing the same as so modified, as has been made the judgment of the court, it is ordered, adjudged and decreed by the court, in accordance with said award and agreement, that the complainants, Lyon, McLendon & Co., do recover of the defendant, the Griffin, Monticello and Madison Railroad Company, the sum of ten thousand four hundred and twenty-six dollars and fifty-nine cents ($10,426.59-100), with the sum of four thousand five hundred and seventy-seven dollars and sixty-five cents interest up to the 20th day of August, 1874, and all further interest on the principal sum from this date to be computed at ten per cent. until paid, and that execution issue for said amount in favor of complainants against defendants. And it is further ordered and decreed that the second amount to be paid in cash, as in said award to complainants, and they do recover of defendants the sum of one thousand five hundred and forty-eight dollars and sixty-three cents, as principal, and the sum of one hundred and seventy-one dollars and fifteen cents to the 20th August, 1874, and for all interest until paid, to be at 7 per cent., and that execution issue in favor of complainants against defendants for said amount; said amount so decreed being amount due complainants from defendants in cash, as set forth in said award, after allowing credits as provided for in the agreement of the parties, accompanying said award. It is further adjudged and decreed that the complainants do recover of the defendants the sum of eight thousand one hundred and ninety-three dollars and thirty-three cents, and which may be discharged and satisfied by defendant's executing and delivering to the complainants, by the proper officers of the said Griffin, Monticello and Madison Railroad Company, within sixty days from this date, first-mortgage bonds of the said railroad company in proper legal form, to bear interest at the rate of seven per cent., payable semi-annually, with interest coupon attached, to the amount of the same; and if said mortgage bonds are not so executed and delivered within the time stated therein, said amount is to be enforced by execution to be issued in favor of complainants against said defendants for money in lieu of said bonds; the amount so decreed and adjudged being the amount found due in said award, as provided for by the agreement attending said award. It is further ordered and adjudged and decreed that the defendant do execute and deliver to said complainants certificates of stock in said railroad company to the amount of ten thousand five hundred and twenty-one dollars and two cents, the amount found due complainants, less by the amounts of two thousand dollars, as abated from said award, as

found due complainants in stock, as per agreement of parties representing the same. . . . . . . . . . . . . . . . . . .

And it is further ordered and adjudged and decreed that if this decree is not satisfied upon the terms and conditions herein set forth in said modified award within sixty days from this date, it is thereupon ordered, adjudged and decreed, as provided for in said award, that E. W. Beck, Esq., F. D. Dismuke, Esq., and E. P. Speer, Esq., of the county of Spalding, be and the same are hereby appointed commissioners with powers of receivers to take possession of said Griffin, Monticello and Madison Railroad Company, and after due notice, with authority to sell the same, with all its rights, privileges, franchises, immunities and right-of-way, road-bed and appurtenances, and also all assets of said railroad company of every kind and character, with full authority to collect the same and hold the proceeds of all sales and collections subject to the further order of this court for distribution among creditors and stockholders. And it is further ordered and decreed, if a sale of said railroad and its franchise becomes necessary to enforce this decree, it shall take place in the city of Griffin, before the court-house of said county of Spalding, after advertising the same at least sixty days in three public gazettes of this state. And it is further ordered and decreed that the cost of these proceedings up to the award be paid equally by complainants and defendants.

JOHN I. HALL,
Judge S. C. F. C."

Lyon, McLendon & Co.
　　*vs.*
The Griffin, Monticello
and Madison Railroad Co.

Bill, etc., in
Spalding Superior Court.

"It being made to appear to the court that, at the August term, 1874, of this court, a decree was rendered in the above stated case, which decree provided for the appointment of commissioners to sell the property of the defendant, and commissioners so provided for and appointed, to-wit, E. W. Beck, F. D. Dismuke and E. P. Speer, were given the power of receivers, and in the exercise of their power as such receivers, they were required to collect the assets of said company and report their acts and doings to this court; and it appearing that said receivers, in the exercise of the power thus conferred upon them, have instituted suits in the counties of Spalding, Butts, Jasper and Morgan, to recover of the subscribers to the capital stock of said company the amount due by them on the subscription to the capital stock of said company; and it being made further to appear that some of the parties so sued have made defence that the authority was not given to the receivers and that receivers have compromised with some of the subscribers to the capital stock, to-wit, by the original decree: It is therefore ordered, adjudged and decreed that the act of the receivers in bringing suits, as aforesaid, against the subscribers

to the capital stock of said railroad company, is approved and sanctioned, and that said receivers are hereby invested with full power to prosecute the suits already instituted by them and to begin other suits, if any other or further suits be necessary, in order to collect in the assets of said company. It is further ordered, adjudged and decreed that said receivers have power and authority to compromise any doubtful claim that may be a part of the assets of said railroad company. It is further adjudged and decreed that settlements or compromises heretofore made by the receivers with debtors to said company are ratified and approved by the court. August term, 1881. Spalding superior court.

By the court.                          S. C. McDANIEL,
                                    Judge *pro hac vice*."

The appointment of the judge *pro hac vice* by the clerk, on account of the disqualification of the presiding judge, also appeared. It recited that the solicitors of the parties had failed to agree upon an attorney to act as judge *pro hac vice*.

To the allowance of this amendment defendant excepted.

Defendant then demurred to the amended declaration, on the ground that the original decree did not authorize the receivers to sue, and that the supplemental decree did not cure the defect. The demurrer was overruled and the case continued. The defendant filed a bill of exceptions *pendente lite* to this and the ruling just above stated.

The defendant filed certain pleas, which were, in substance, as follows:

(1.) The general issue.

(2.) The note sued on was given to the railroad company, of which the plaintiffs are receivers, for subscription to its stock, and such subscription was its consideration. Defendant, with a large number of other citizens in the county, subscribed various sums to the stock of the company, and after the subscription was made, the company changed the terms of the subscription with various parties who had subscribed at the same time as defendant, to-wit, John W. Williams, W. A. Lofton, W. H. Preston, James Connelly and others not known to the defendant, by which they virtually released said subscribers from

payment of their subscription, "said terms of subscription to said parties being different from those originally entered into by them and this defendant, by which they agreed with said Williams, Lofton, Connelly and others not to demand of them their subscriptions so entered into at the same time with defendant until the said railroad should reach Monticello, Georgia,"—this not being in the original contract of subscription, and the promise of said parties being one consideration on which this defendant subscribed; and further, that the company also released altogether from the payment of their subscription certain other parties who had subscribed to said road, namely, John Pye, Thomas Pye, Fears, W. E. Tucker, James L. Tucker and others; and further, the company compromised and received from John Steel, one of its subscribers, twenty dollars when he had subscribed for one hundred dollars, and also compounded with other persons not known to the defendant at the rate of forty cents on the dollar; all of which was done without the consent of the defendant and released him from liability on his subscription.

(3.) The note sued on was given for subscription to stock in said railroad, and the subscription was obtained by the misrepresentations of James S. Boynton and other agents' of the company who took such subscriptions, to the effect that the road should be brought into the county of Jasper and located there before the subscription should be demanded, and that the road would be completed at once; that these statements were believed by defendant and constituted the prevailing motive and consideration for his subscription. In fact, they were not true, and defendant was misled and induced by them to subscribe for stock; they never have been complied with, and the road has been abandoned and sold.

(4.) The plaintiffs have no title to the note sued on, and no right or authority to sue on it from the court or judge by whom they were appointed receivers.

(5.) Defendant contracted with a view to the capital

stock to be subscribed, and had reason to believe, and did believe, that the whole amount allowed by the charter, to-wit, $500,000, would be subscribed for the purpose of building the road, that amount being necessary for the purpose; but it was not subscribed, the whole amount of subscriptions of every kind being $280,000, of which not over $250,000 were *bona fide* subscriptions, the rest being for the purpose of swelling the subscription, in order to make the amount appear as large as possible. The project of building the road has long since been abandoned, and if the consideration of the note ever was good, it has entirely failed.

(6.) The receivers have no power to sue. The debts of the company are not set out, and their existence is not alleged or a necessity to collect the subscription shown; and defendant is informed and believes that no such debts exist for which the stockholders are liable.

On demurrer, the court ordered that all of these pleas be stricken, except the general issue and the plea that there are no debts due " to" (by?) the corporation, and the plea that the railroad has been sold and the corporation does not now exist. To this ruling the defendant filed a bill of exceptions *pendente lite.* The case was continued.

At the April term, 1885, of court, the case came on for trial. The defendant amended his pleas by alleging, in substance, as follows: The note sued on was given for a subscription to the capital stock of the railroad company. When the subscription was made and the note given, the charter of the company required $1,500,000 as its capital stock, and defendant contracted with reference to the charter, which contemplated that sum as the capital stock, and such sum was required to carry on the purposes of the corporation. The amount required never was subscribed; only $280,000 was subscribed altogether, of which $100,000 were *bona fide* subscriptions. The balance never was so intended, and was taken for the purpose of swelling the subscription. When defendant subscribed, he did not

know that the amount contemplated by the charter had not been subscribed; had he so known, he would not have given his note; but he believed the terms of the charter had been complied with as to the amount to be subscribed when he signed the note. He therefore says his subscription and the note given therefor are void.

On demurrer, this plea was stricken.

Plaintiffs tendered in evidence the note sued on. They then tendered a certified copy of the decree and amended decree above set out. On objection, the court rejected them. Plaintiffs then offered the certified copy for the purpose alone of showing that a decree had been rendered, by which they were appointed receivers and were authorized and empowered to collect by suit the notes held by them as assets of the corporation. It was again rejected. They then offered the same record, together with two *fi. fas.* against the Griffin, Monticello and Madison Railroad, one in favor of Lyon, McLendon & Company for principal sum, $10,426.59, the other in favor of G. A. Cunningham & Company for the principal sum of $3,225.89, both having upon them entries of *nulla bona*, dated in 1883. The testimony again was rejected. Plaintiffs then moved for a continuance, in order to obtain the entire record in the equity case in Spalding superior court. This was refused. Plaintiffs moved to amend their declaration by striking out, after their names, the words, " as receivers and commissioners of the Griffin, Monticello and Madison Railroad Company," and everything in the declaration and amendments thereto which stated that plaintiffs sued as receivers and commissioners, and inserting in lieu thereof the words, " for the use of Lyon, McLendon & Company and G. A. Cunningham & Company, judgment creditors of the Griffin, Monticello and Madison Railroad Company." The court overruled the motion to amend. The plaintiffs again offered to amend by striking the amendments to the original declaration, and by striking from it all the words which showed the capacity in which the plaintiffs had

sued, and by allowing the case to proceed in the names of the plaintiffs as endorsees. This was refused.

On motion, the court granted a nonsuit. Plaintiffs excepted, and assigned error on each of the rulings adverse to them, as just above stated. Defendant filed a cross-bill of exceptions and assigned error on each of the rulings adverse to him, as above stated.

A. M. SPEER; E. W. BECK; KEY & PRESTON, for plaintiffs.

C. L. BARTLETT; F. JORDAN; W. W. ANDERSON, for defendant.

BLANDFORD, Justice.

In a bill filed by Lyon, McLendon & Company against the Griffin Monticello and Madison Railroad Company, there was an award made, by which it was found that the railroad company was indebted to Lyon, McLendon & Company a large sum for work done for said railroad company. The chancellor decreed on said award, and appointed the plaintiffs in error receivers, with power to sell the railroad and all its franchises. By a subsequent decree, the receivers were authorized to bring suit on all claims due the corporation for unpaid stock or otherwise. This supplemental decree was made by S. C. McDaniel, judge *pro hac vice.* The presiding judge being disqualified, he was named by the clerk of the superior court.

This action was brought by the receivers against Henderson upon a promissory note given to the railroad company for a part of his subscription to the same as a stockholder. The declaration alleged the foregoing facts, and also that the road and franchises had been sold, and there was a large outstanding indebtedness on the part of the railroad company, and the suit was brought for the benefit of the creditors of the railroad company. The defendant demurred to the declaration, which was overruled by the

court, and this ruling was excepted to by defendant *pen-dente lite.* The defendant then filed various pleas, all of which the plaintiffs demurred to, and they were stricken by the court, except the pleas of the general issue, and that there were no debts due by the railroad company, and that the corporation had ceased to exist. To this ruling the defendant excepted, and by cross-bill assigns error thereon. The plaintiffs tendered and read in evidence the note set out in the declaration, and tendered and offered to read in evidence the original and supplemental decrees, by which the plaintiffs were appointed receivers, and were authorized to bring suit on the note. This evidence was objected to by the defendant, first, because the decrees were not accompanied by a copy of the proceedings upon which the decrees were based; and second, because S. C. McDaniel, Esquire, the judge *pro hac vice*, had no authority to render the supplemental decree. The court sustained this objection and ruled out this evidence, and the plain-tiffs excepted and assign this ruling as error. Thereupon, upon motion of defendant, the court awarded a nonsuit, and to this the plaintiffs excepted and assign this judgment as error. So the plaintiffs bring the case here by original bill of exceptions, and the defendant comes by exceptions *pendente lite* and cross-bill of exceptions.

1. We are of the opinion that the decrees offered in evi-dence are sufficiently intelligible without being accom-panied by the bill, answers and exhibits and other pro-ceedings had in the case, and when the decree is so dis-tinct and certain as to be understood without reference to the pleadings and other proceedings, the same need not be attached to the decree. See the case of *Tarver vs. Colquitt*, 75 *Ga.*, 818, in which case this point was directly ruled.

2. The parties in the case of Lyon, McLendon & Co. *vs.* Griffin, Monticello and Madison Railroad Company not agreeing upon some person to preside in said case, the presiding judge being disqualified, it was competent for

v 76-24

the clerk to name a fit and proper person to preside; and this was right, although the parties had not tried or made any effort to agree. So we think that the court committed error in refusing to allow the decrees to be put in evidence.

3. The judgment of nonsuit was equally erroneous. So these judgments must be reversed.

4. As to the exceptions *pendente lite* and the cross-bill, it must be remembered that this action is brought in behalf of the creditors of a defunct corporation and not by the corporation against a stockholder. The pleas stricken by the court could not apply to a case like the present.

All the property of a corporation which has ceased to exist, and assets of every description, constitute a fund for the payment of its debts. Code, §1688. Subscriptions of stock may be called in to satisfy creditors, and the courts will compel the stockholders to pay up their unpaid stock for the benefit of creditors, and such stockholders will not be heard to set up any defence as to fraud practiced on them in the organization or acts of the corporation, where such corporation has held itself out to the world and contracted debts on the faith of its proper organization. Where such stockholder has stood by and interposed no objection, he is bound.  8 *Ga.*, 468; *Ib.*, 504; 3 *Id.*, 409; 56 *Id.*, 195; 8 *Id.*, 498; 56 *Id.*, 191; 57 *Id.*, 314; 65 *Id.*, 650; 67 *Id.*, 145.

So we think that the pleas were properly stricken by the court. We see no errors in the rulings complained of by defendant.

Judgment reversed on main case and affirmed on cross-bill of exceptions.