STEAM LAUNDRY COMPANY *et al. v.* THOMPSON *et al.*        | 91  47 |
                                                            | 109 345 |

1. Where the law provided that the clerk of the superior court might appoint a deputy whose powers and duties shall be the same as those of the clerk, and where subsequently the legislature passed an act providing that in cases where the judge of the superior court is disqualified, and the parties litigant fail to agree upon an attorney to act as judge *pro hac vice,* the clerk shall select some competent attorney to preside, the letter of the act must be construed with reference to the previous legislation, and thus construed, the deputy-clerk has power, in the absence of the clerk, to make the appointment.

2. Where, at the calling of the docket for the purpose of setting cases for trial, a case in which there are several plaintiffs with distinct claims is called and set for a future day without objection on the part of counsel who are present, and some of the plaintiffs are represented by a firm of attorneys one of whom is present, the firm has notice of the time set for the trial, and through them the parties they represent, and if these parties or their counsel are then absent, the court may nevertheless proceed to trial and render judgment in favor of such others as attend and succeed in establishing their claims.

3. Where it is manifest that the dismissal of a plaintiff's case on account of the absence of his counsel is not more prejudicial than would be a verdict against him for want of prosecution and proof of his claim, although the dismissal may be technical error, there is no matter of substance involved which would justify a reviewing court in reversing the judgment of dismissal.

October 24, 1892.        *Judgment affirmed.*

Before THOMAS FINLEY, judge *pro hac vice.* Fulton superior court. March term, 1892.

On March 23, 1892, came on to be tried the case of Thompson *et al.* against Schaffner & Company, creditor's bill, in which Hon. MARSHALL J. CLARKE, the judge of the circuit, was disqualified; whereupon the deputy-clerk appointed a judge *pro hac vice.* The case went to trial, having been called out of its regular order on the docket and advanced for trial, at a regular bar meeting held on Saturday, March 19, 1892, by Judge CLARKE. There was no appearance or defence by the defendants. Various persons had been made parties plaintiff, among

them, Arnold, Constable & Co., Park & Tilford, F. H. Glazier, and persons represented by attorneys Hines, Shubrick & Felder, D. W. Rountree, Blalock & Birney, Read & Brandon, P. L. Mynatt & Son, A. R. Bryan, and John D. Cunningham. The case being called for trial was dismissed as to the parties plaintiff represented by the attorneys mentioned, for want of prosecution, and the remaining plaintiffs were permitted to take a verdict for various amounts, and distribute among themselves money which had been brought into court under the bill. The parties plaintiff so dismissed moved the court to set aside and vacate the order of dismissal and the verdict and judgment. Upon the hearing Hines, Shubrick & Felder and D. W. Rountree asked to have the parties whom they represented dismissed from the motion, which was done. The motion was overruled, and the movants excepted.

The motion alleges the following: The judge *pro hac vice* was appointed by the deputy-clerk before the case was reached in its regular order on the docket, without any agreement of parties having been made and without the consent of the parties litigant. The judge *pro hac vice* erred in dismissing movants, because some of the parties plaintiff in the case were represented at the time and verdicts were taken in their favor, and the court should have ordered verdicts taken for or against all of the parties to the case, as co-complainants had the right at any time before verdict to offer evidence to the jury, and the court erred in dismissing them before they had the opportunity of doing so, and in dividing the case into sections or installments, trying part thereof, and letting the jury try a part of said case. The court erred in rendering a judgment in favor of Arnold, Constable & Co., who were not legally made parties to the bill, the order making them parties complainant having been granted by Judge CLARKE on March 23, 1892, the

same day on which the judge *pro hac vice* dismissed
movants as parties plaintiff. Judge CLARKE being dis-
qualified could not legally grant such order. The order
dismissing movants was granted on the motion of cer-
tain attorneys for creditors in the original bill, who had·
been allowed a fee out of the general fund in court for
their services, and they could not legally move to dis-
miss other plaintiffs. P. L. Mynatt, one of the attorneys
for one of the parties plaintiff who was dismissed, had
a leave of absence; and C. Z. Blalock, of counsel for
some of the movants who were dismissed, had leave of
absence when the case was set and tried; and Hines,
Shubrick & Felder, counsel for some of the parties com-
plainant who were dismissed, had a leave of absence for
two weeks from March 12, 1892, and were absent from
the court on said leave when the case was set and when
it was tried, and they and·all of the above named coun-
sel were not at fault or negligent in being absent, and
all the above named counsel represented just claims
which would have been decided to be paid and would
have participated in the distribution of said funds.
Their clients were absent because said attorneys were
absent on leave, and said attorneys appeared of record
as attorneys in said case. The case was a proceeding
in equity in which a receiver was appointed, and there
were no pleadings or answer by defendants or any of
the creditors, denying any of the allegations in the bill,
or the justice of any of the claims of these movants;
and it was error in the court to refer the case to a jury,
but the court should have rendered a decree in favor of
all the parties, on the pleadings, without the interven-
tion of a jury. On March 19, 1892, the cause was called
out of its order by Judge CLARKE, who was disqualified,
and by him set for trial on March 22, 1892, and no fur-
ther action was taken therein until March 23, 1892,
when the deputy-clerk, without notice to movants, ap-

v 91-4

pointed the judge *pro hac vice,* who, without notice,. proceeded to dismiss the parties to this motion for want of prosecution, they being co-complainants in the case, when in fact a number of counsel in the case had leave of absence from the court and the cause could not legally proceed to trial in their absence, without their consent.

The answer to this motion sets forth the following: Prior to Friday, March 18, 1892, a written memorandum, in compliance with the rule of court, was handed to the clerk of the court by one of counsel for plaintiffs. On Saturday, March 19th, the case was, at a regular call of the docket, called by Judge CLARKE and set for trial on Tuesday, March 22, 1892. The case was not reached on that day, and went over until the following day. Respondents deny that the case was called out of its order; it was properly called in obedience to the rule allowing cases to be advanced in which funds are held up, and was so advanced. Respondents deny that Judge CLARKE had no authority or was disqualified from calling and setting the case for trial. The statement in movants' petition that counsel who had been allowed fees out of the general fund, moved to dismiss movants for want of prosecution, is untrue. Respondents did not know and do not know that Hines, Shubrick & Felder represented parties plaintiff; nor do they know that the statements made in the petition in reference to their leave of absence are true. Respondents are informed that C. Z. Blalock, of the firm of Blalock & Birney, had a leave of absence. The leave, however, was granted to him individually and not to the firm, and Mr. Birney, a member of the firm, was present at the bar meeting when the case was called and set for trial, and interposed no objection thereto. Respondents are informed that the firm of P. L. Mynatt & Son represented one of plaintiffs. They do not know whether P. L. Mynatt

had a leave of absence. They are informed and believe that P. L. Mynatt jr., a member of said firm, was also present in court when the case was called and set for trial, and interposed no objection thereto. The case was regularly and properly called and set for trial. Respondents exercised what they believed to have been due diligence. When the case was sounded and it appeared that Judge CLARKE was disqualified, the judge *pro hac vice* was appointed by the clerk of the court. Proper proof of respondents' claims was submitted to the jury, and under the decree entered thereon the money has been distributed. Respondents deny that it is proper to reinstate the entire case. If it should appear that Hines, Shubrick & Felder had a leave of absence which had not expired, it would be proper only to order a contribution which would yield them their *pro rata* of the fund. This answer was sworn to.

Evidence was introduced as follows: Birney, of the firm of Blalock & Birney, obtained a leave of absence from the call of the docket for the regular bar meeting on March 19th, and for the following week, for his partner Blalock, for providential cause. Blalock & Birney represented two of the plaintiffs dismissed, the matter being in charge of and under the control of Blalock. Birney did not charge his mind with the case and paid no attention to it afterwards, because he knew it to be controlled by the leave of absence obtained for his partner. Birney had no knowledge of the case until after judgment and the fund had been divided. Hines, Shubrick & Felder represented various parties who were dismissed. On March 12, 1892, at a regular bar meeting, the firm obtained leave of absence to March 26th, and were absent from court on that leave when the case was called and assigned for trial, and when the case was tried. The reason which prompted that firm to withdraw from the motion to reinstate was, that coun-

sel for plaintiffs resisting the motion assured them that by doing so they would see that the clients of Hines, Shubrick & Felder would be prorated with, conceding that Hines, Shubrick & Felder were absent on leave and without fault.   P. L. Mynatt & Son represented one of the plaintiffs dismissed, and at the time of the trial had a leave of absence granted Saturday, March 12th, and covering the two ensuing weeks.   P. L. Mynatt jr. did not attend the call of the docket on March 19th, was not in the court-room on that day, and did not hear the case called or know that it had been set for trial until several days afterwards.   Loring Neufville represented J. D. Cunningham, attorney for one of the parties plaintiff dismissed, and was present at the bar meeting on March 19th, and heard the case called, but knew Blalock who represented creditors in the bill had leave of absence, and paid no further attention to it, supposing that the case would go to the absence of Blalock.   Rountree also had leave of absence granted March 19th, for one week.   The case was, according to an old rule, called out of its regular order on the docket of the court and set for trial, as there was money tied up.

BLALOCK & BIRNEY, J. D. CUNNINGHAM, GARRETT & NEUFVILLE, P. L. MYNATT & SON and READ & BRANDON, for plaintiffs in error.

J. L. HOPKINS & SONS, SIMMONS & CORRIGAN, JACKSONS, BARROW & THOMAS, MAYSON & HILL, W. R. BROWN, C. H. PLYER and E. M. & G. F. MITCHELL, *contra.*