ROBINSON *v.* McARTHUR, administratrix.

HILL, J. It is declared in Civil Code of 1910 as follows: "§ 4855. When from any cause the judge of the superior court is disqualified from presiding, he shall procure the services of a judge of another circuit, to try said cause, if he has to appoint an adjourned term for that purpose." "§ 4856. When, from any cause, the judge of the superior or any city court is disqualified from presiding in any civil case, and has failed to procure the services of a judge to try said cause, then the parties litigant, by consent, may select any attorney of this State to preside in said case, and the attorney so selected, when the consent is entered on the minutes, shall exercise all the functions of a judge in that case." "§ 4857. If any judge does not comply with the provisions of section 4855 within a reasonable time when it is in his power to do so, it is a ground of impeachment." "§ 4858. In all cases mentioned in the preceding sections, when the case or cases are reached in their order on the dockets, without an agreement by the parties, then it shall be the duty of the clerk of the superior court, or in his absence the deputy-clerk, to select some competent attorney practicing in that court, who shall likewise have authority and preside in said case as aforesaid."

1. Under proper construction of § 4858, considered in connection with the preceding sections, when a case in the superior court in which the judge is disqualified is reached in its order on the call of the docket for trial, if the judge has not in fact procured the services of another judge and if the parties to the case have not selected an attorney at law to preside in the case, it is the duty of the clerk, or, in his absence, of the deputy clerk, "to select some competent attorney practicing in that court" to preside in the case. It is not essential to the validity of the act of the clerk in selecting the attorney to try the case that an effort should have been made by the judge to procure the services of another judge; or that the parties must have attempted and failed to agree in the selection of an attorney to try the case; or that the order appointing the attorney should first be spread upon the minutes of the court; or that one of the parties who was absent at the time of the selection by the clerk was not notified by his adversary of his intention to demand that the clerk select an attorney to preside in the case. The foregoing decision comports with the principle ruled in *Beck* v. *Henderson*, 76 *Ga.* 360; *Steam Laundry Co.* v. *Thompson*, 91 *Ga.* 47 (16 S. E. 198). The request to review and overrule the decision in *Beck* v. *Henderson* is denied.

2. A statutory proceeding was instituted to dispossess an alleged tenant. The defendant filed a counter-affidavit, and the papers were returned to the superior court for trial of the case. The judge was disqualified. The case remained pending for a long number of years. Finally, at a

term when the tenant was absent, when the case was reached in its order, the judge having failed to procure the services of another judge, and there being no selection by the parties of an attorney to preside in the case, the clerk, on motion of the attorney for the plaintiff, selected an attorney at law who was a practitioner in the court to preside as judge pro hac vice. The case immediately proceeded to trial in the absence of the defendant, and resulted in a judgment in favor of the plaintiff. Shortly after adjournment of the court the defendant, having learned of the trial, instituted an action against the landlord and the sheriff, seeking to enjoin his removal from the premises, to set aside the judgment, and for specific performance of an alleged contract for purchase of the land. At interlocutory hearing the judge refused a temporary injunction. Error was assigned upon this judgment. In the brief of the plaintiff it was conceded that the controlling question in the case was as to the validity of the order appointing the attorney to preside in the case as judge, and no other question was argued. *Held*, that the order appointing the judge pro hac vice was valid, and the judge did not err in refusing the injunction.

*Judgment affirmed. All the Justices concur.*

No. 6174. JULY 11, 1928.

Petition for injunction. Before Judge Mathews. Wheeler superior court. June 11, 1927.

*Hallie B. Bell, James L. Wimberly,* and *George L. Hattaway,* for plaintiff.

*W. S. Mann,* for defendant.