COOK *v.* WIER, warden.

No. 11996.   FEBRUARY 15, 1938.

*Harold Hirsch, Marion Smith,* and *Ernest P. Rogers,* for plaintiff.

*Roy Leathers, solicitor-general,* and *David H. Ansley,* for defendant.

BELL, Justice. The question for decision in this case is whether a person charged with a felony other than a capital felony can

waive indictment by a writing signed by his attorney and not by himself. Ethel Mahoney, an interested individual, filed in the superior court an application for the writ of habeas corpus against E. W. Wier, the county warden, seeking the release of William Cook, who it was alleged was being detained and deprived of his liberty under a purported judgment of the superior court sentencing him to the penitentiary for a term of years for the alleged crime of burglary. The warden filed an answer, after which the case was tried on an agreed statement substantially as follows: William Cook, on whose behalf the application was filed, was 18 years of age. He was never charged with the violation of any law until January 8, 1937, when he was arrested by the police of DeKalb County "on suspicion of burglary." He was taken into custody at 5:30 o'clock in the afternoon, and was questioned by the officers for two or three hours. He was incarcerated for the night, and on the morning of January 9 was brought before the Honorable James C. Davis, judge of the superior court of DeKalb County, on an accusation drawn by the solicitor-general, charging him with the offense of burglary alleged to have been committed in the storehouse of a named person on January 8, 1937. An attorney was appointed by the court to represent the accused, and a recess was granted to permit the attorney to confer with him. After such conference the attorney, in the presence of the accused, announced to the court that the accused desired to plead guilty, and the following waiver was then drawn by the solicitor-general and signed by him and the attorney so appointed for the defendant: "The defendant, . . William Cook, in writing waives indictment, list of witnesses, a copy of accusation, and consents to be tried before the court without a jury, and pleads guilty." The judge sentenced the defendant to serve for a period of not less than two years nor more than seven years in the penitentiary.

The court denied the application for the writ of habeas corpus, and William Cook by the applicant, Ethel Mahoney, excepted.

As indicated above, the sole question presented is whether the waiver of indictment as signed by the attorney appointed to represent the accused was binding upon the accused, or whether it had to be signed by the accused himself in order to be valid. No other question is raised by the bill of exceptions or discussed in the brief filed for the plaintiff; nor is there any contention that the accused

did not actually consent to what was done by his attorney. It is insisted that at common law the courts were without jurisdiction to try a person for the offense of a felony except on indictment by the grand jury, and that this rule is still of force in the State of Georgia except as changed by the act of 1935. Ga. L. 1935, p. 116. As illustrating the common-law rule and its effect on jurisdiction, the following authorities are cited: In Re Bonner, 151 U. S. 242 (14 Sup. Ct. 323, 38 L. ed. 149); Post v. United States, 161 U. S. 583 (16 Sup. Ct. 611, 40 L. ed. 816); 14 R. C. L. 152, § 2; 31 C. J. 564, § 11. In the year 1915 the General Assembly passed an act relating only to misdemeanors, and providing that on stated conditions the prosecuting officers of the superior courts were authorized to prefer accusations on which the defendants should be tried, provided "that parties going to trial under such accusations shall in writing waive indictment by a grand jury." Ga. L. 1915, p. 32. This act was carried in the Code of 1933 as section 27-704. In 1935 the legislature amended this section so as to include cases of felony other than capital felonies. The section as thus amended reads as follows: "In all misdemeanor cases and in felony cases other than capital felonies in which the defendants have been bound over to the superior court, or are confined in jail pending commitment trial, or are in jail, having waived commitment trial, the prosecuting officers of such court shall have authority to prefer accusations, and such parties shall be tried on such accusation; provided, that parties going to trial under such accusations shall in writing waive indictment by a. grand jury. Judges of the superior court may open their courts at any time, without the presence of either grand jury or traverse jury, to receive and act upon pleas of guilty in misdemeanor cases, and in felony cases except those punishable by death or life imprisonment, when the judge and the accused consent thereto, and the judge may try the issues in such cases without a jury upon an accusation filed by the prosecuting officer where the accused has waived indictment, and consented thereto in writing; and provided further that counsel is present in court representing such defendant either by virtue of his employment or by appointment by the court." Ga. L. 1935, p. 116; Code, § 27-704.

It is insisted that this statute must be given a strict construction, and that when thus construed the requirement as to waiver

of indictment in writing contemplates a waiver signed personally by the accused, and not by his attorney for him. It is further insisted that in the absence of a waiver so executed, the court in this case was without jurisdiction to act upon the plea of guilty as entered by the attorney, and that the sentence was a nullity. Without passing upon these contentions in all points, we can not agree that the waiver as signed by the attorney with the consent of the accused was ineffectual to invest the court with jurisdiction. The Code, § 9-605, provides, in part, that "Attorneys have authority to bind their clients in any action or proceeding, by any agreement in relation to the cause, made in writing." As to the origin of this section, see *Davis* v. *First National Bank of Blakely*, 139 *Ga.* 702 (78 S. E. 190, 46 L. R. A. (N. S.) 750). The act of 1935 must be construed in the light of the previous law, and consistently therewith, in the absence of anything to the contrary. A statute must be construed with reference to the whole system of which it forms a part. *McDougald* v. *Dougherty*, 14 *Ga.* 674 (5); *Ezekiel* v. *Dixon*, 3 *Ga.* 146; *Sampson* v. *Brandon Grocery Co.*, 127 *Ga.* 454, 456 (56 S. E. 488, 9 Ann. Cas. 331). A good illustration of this principle is found in *Steam Laundry Co.* v. *Thompson*, 91 *Ga.* 47 (16 S. E. 198), where this court held as follows: "Where the law provided that the clerk of the superior court might appoint a deputy whose powers and duties shall be the same as those of the clerk, and where subsequently the legislature passed an act providing that in cases where the judge of the superior court is disqualified, and the parties litigant fail to agree upon an attorney to act as judge pro hac vice, the clerk shall select some competent attorney to preside, the letter of the act must be construed with reference to the previous legislation, and thus construed, the deputy-clerk has power, in the absence of the clerk, to make the appointment." The act of 1935 does not purport to limit the authority of an attorney in any manner, or to make an exception to the general rule as stated in section 9-605. We are therefore of the opinion that so far as this statute provides for waiver of indictment, it is satisfied by a waiver in writing signed by the attorney for the accused. The judge did not err in denying the writ of habeas corpus and in remanding the prisoner to custody. *Judgment affirmed. All the Justices concur.*