## 47341. BEN NUCKOLLS FINANCE COMPANY v. GRUBBS.

PANNELL, Judge. Ben Nuckolls Finance Company brought an action against James C. Grubbs upon an indebtedness evidenced by a contract in writing. Because of the failure of the complainant to attend a pre-trial hearing pursuant to an order, and for failure of plaintiff to be present to prosecute the action when called for trial, the trial judge, on motion of defendant, dismissed the complaint for lack of prosecution, the order reciting that it was dismissed with prejudice. The Finance Company subsequently renewed the complaint on the same cause of action. Among other defenses to this latter complaint, the defendant plead the prior action and order as res judicata, and made a motion to dismiss on the same grounds. At the hearing, the trial judge sustained the motion and dis-

missed the complaint. The complainant Finance Company appealed to this court. *Held:*

Paragraph (b) of Section 41 of the Civil Practice Act (*Code Ann.* § 81A-141 (b)) provides in part: "For failure of plaintiff to prosecute . . . a defendant may move for dismissal of an action or any claim against him. . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits." The dismissal here, not falling within any of the exceptions stated, operates as a dismissal on the merits. See *Cranford v. Carver,* 124 Ga. App. 767 (186 SE2d 150). Accordingly, the trial judge did not err in treating such order as an adjudication upon the merits of the prior complaint and in sustaining the motion to dismiss the second complaint on the same cause of action based on res judicata.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
SUBMITTED JULY 6, 1972—DECIDED SEPTEMBER 5, 1972.

*J. Sidney Lanier,* for appellant.