51037. RIDEN v. COMMERCIAL CREDIT PLAN.

EVANS, Judge.

Plaintiff, Commercial Credit Plan Incorporated of Athens, sued Sandra and Robert J. Riden on a promissory note. Robert J. Riden became in default, but Sandra Riden answered, alleging the debt was that of her former husband, who was ordered to pay same as a part of their divorce decree.

The case was placed on a pre-trial calendar, and was dismissed when plaintiff's counsel failed to appear.

However, after the term, and no motion of plaintiff, this order was vacated and set aside. Defendant appeals. *Held:*

1. Cases are now placed on the trial calendar by the court without request of the parties, but *upon notice to the parties,* or upon request of a party *with notice to the other party or parties.* See Code Ann. § 81A-140 (c); *Siefferman v. Kirkpatrick,* 121 Ga. App. 161, 163 (4) (173 SE2d 262); *Tootle v. Player,* 225 Ga. 431, 433 (3) (169 SE2d 340).

2. When a case is sounded for trial, parties shall immediately answer ready, or move for continuance. If plaintiff fails to answer ready or move for continuance within three minutes, the plaintiff's case shall be involuntarily dismissed, which is an adjudication on the merits. See Code Ann. § 24-3341; Code Ann. § 81A-141 (b); *Steam Laundry Co. v. Thompson,* 91 Ga. 47 (3) (16 SE 198); *Cowart v. Smith,* 182 Ga. 511 (185 SE 819); *Kenemer v. Arkansas Fuel &c. Co.,* 67 Ga. App. 587 (21 SE2d 348); *Ben Nuckolls Finance Co. v. Grubbs,* 127 Ga. App. 44, 45 (192 SE2d 408).

3. But a pre-trial calendar, established by rule of the court, gives the court no such discretion to dismiss the case as is given the court under the trial calendar procedure of Code § 24-3341. In *Reynolds v. Reynolds,* 217 Ga. 234, 238 (123 SE2d 115), in ruling upon Code §§ 81-1013, 81-1014, pertaining to a pre-trial conference, which is now contained in Code Ann. § 81A-116, the court held this law does not confer authority upon the court to "set aside valid proceedings in the cause." This would include dismissal of a petition for lack of prosecution. See also *Ambler v. Archer,* 230 Ga. 281 (1) (196 SE2d 858), wherein the Supreme Court reversed the lower court in refusing to allow a later amendment of a pre-trial order because of a local rule.

4. The order of dismissal for failure to be present at the call of a case at a pre-trial calendar being wholly void, the court did not err in vacating and setting aside its void order and reinstating the case. The case is somewhat similar to *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603), as to setting aside and vacating a judgment where the court dismissed for lack of prosecution and there had been no notice to the party of said calendar call as required by Code Ann. § 81A-140 (c). See also *Barber v. Canal Ins.*

*Co.,* 119 Ga. App. 738 (168 SE2d 868).
*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 9, 1975 — DECIDED OCTOBER 20, 1975.

*Morgan & Sunderland, Thomas Stanley Sunderland,* for appellant.
*Ken Stula,* for appellee.