63054. SCOTT v. W. S. BADCOCK CORPORATION et al.

Pope, Judge.

Plaintiff-appellant brings this appeal from the denial of her "Motion for Reconsideration." She enumerates as error the validity of the trial court's order dismissing her action and also that court's failure to make findings of fact and conclusions of law pursuant to Code Ann. § 81A-152.

The record shows that plaintiff's action was dismissed by an order dated March 9, 1981. The reason for the dismissal recited in the order was plaintiff's failure to answer or make any announcement within three minutes of the call of the case for a pretrial conference, defendants-appellees being present and announcing ready. On March 25, 1981 plaintiff filed a "Motion for Reconsideration" by which she requested the trial court to set aside its order of dismissal on the ground that she had received no notice of the pretrial conference. Plaintiff's motion was denied on July 22, 1981 and her notice of appeal was filed on August 13, 1981.

1. Although plaintiff's motion was denominated a "Motion for Reconsideration," the relief requested thereby was to set aside the trial court's order dismissing the action; we will treat plaintiff's motion accordingly. A motion to set aside must be predicated upon some nonamendable defect which appears on the face of the record. Code Ann. § 81A-160 (d). The judgment in this case recites on its face that the action was dismissed because plaintiff failed to respond to the calendar call of the case for a pretrial conference. This order met the requirements of Code Ann. § 81A-152 (a).

2. "The authority of the trial court to dismiss plaintiff's complaint for failure to appear at a pretrial hearing is clearly established by Code Ann. § 81A-141(b) and Weeks v. Weeks, 243 Ga. 416 (254 SE2d 366) [(1979)]." Turner v. T & T Oldsmobile, 154 Ga. App. 228 (1) (267 SE2d 833) (1980). The opinion of this court in Riden v. Commercial Credit Plan, 136 Ga. App. 191 (220 SE2d 746) (1975), is in conflict with the foregoing authority and will no longer be followed.

3. Counsel for plaintiff, B. T. Edmonds, contends that he received no notice of the pretrial hearing and that this lack of notice is shown on the face of the record. Indeed, the subject pretrial calendar lists only the name of Laronce Beard as attorney for plaintiff. Our Supreme Court has held that the absence of the attorney's name on a trial calendar is a defect on the face of the record, that such defective calendar does not constitute notice of trial, and that such lack of notice constitutes a nonamendable defect on the face of the record as contemplated by Code Ann. § 81A-160 (d). *Brown v. C. & S. Nat. Bank,* 245 Ga. 515 (265 SE2d 791) (1980).

The record in this case discloses that the complaint itself, as well as the other documents which plaintiff requested to be included in the record transmitted to this court, were signed by B. T. Edmonds as attorney for plaintiff. However, the summons attached to the complaint directed defendants to serve their answers thereto upon Laronce Beard as plaintiff's attorney.[1] Accordingly, both Edmonds and Beard were attorneys of record ab initio. Accord, *Dalton City Co. v. Dalton Mfg. Co.,* 33 Ga. 243 (2) (1862); Black's Law Dictionary 164 (4th ed. 1968). There is nothing in the record on appeal to indicate that this status has changed. Since the pretrial calendar listed thereon an attorney of record, no nonamendable defect appears on the face of the record in this case, and the trial court did not err in denying plaintiff's motion to set aside. *Trice v. Howard,* 130 Ga. App. 895 (3) (204 SE2d 808) (1974). Compare *Brown v. C. & S. Nat. Bank,* supra.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

Decided March 9, 1982 —
Rehearing denied March 29, 1982.

*B. T. Edmonds, Jr.,* for appellant.
*Ronnie J. Lane, Kenneth L. Hornsby,* for appellees.

---

[1] The Civil Practice Act requires that the summons issued upon the filing of a complaint shall state the name and address of the plaintiff's attorney, if any. Code Ann. § 81A-104 (b). The summons in the case at bar names *only* Beard as plaintiff's attorney.