REEVES *et al.* v. LANCASTER.

</div>

GILBERT, J. Where in resistance to a levy upon land a claim was interposed by one acting for himself and as next friend for two named minors, and the case thus made was regularly called and tried, and a verdict was rendered finding the property subject, such parties can not attack the verdict and judgment by a motion to set them aside on the ground that the claim was not marked filed by the clerk of the superior court.

(a) Nor can the minors have such a judgment set aside, by motion filed at a subsequent term, on the ground that the claim was filed by one as their next friend, and not as their agent or attorney at law.

(b) Nor could they avail themselves of the ground, taken in the motion to set aside, that the pauper affidavit was made by the party calling himself next friend, and not by the minors personally. *Walden* v. *Walden*, 128 *Ga.* 126(8), 133 (57 S. E. 323). Having stayed the sale by interposing the claim, the fact that the claimants were absent from the trial until after verdict, for any reason not chargeable to the plaintiff in fi. fa., will not invalidate the verdict. In *Royce* v. *Small*, 94 *Ga.* 677 (2), (20 S. E. 12), it was ruled that the claimant can not have his claim dismissed for his own default. Certainly, then, the plaintiff in fi. fa., need not adopt that recourse. *Bank of Southwestern Georgia* v. *Empire Life Ins. Co.*, 10 *Ga. App.* 320 (73 S. E. 597).

(c) Nor will it avail the claimants, as a ground for a motion to set aside the verdict and judgment, that they were not notified by the attorney

who had been employed that the case had been set for trial. *Clark* v. *Ramsey*, 143 *Ga.* 729 (85 S. E. 869); *McLendon* v. *Hall*, ante, 516 (94 S. E. 1012).

(d) That certain persons other than the claimants, who had never made claim to the property, and were not in any way parties to the case, were also part owners of the property levied upon, will not avail these movants in their attack upon the judgment which subjects the property as against them.

(e) General allegations that the claim was not duly filed, and that it appeared from the record that it was not filed, are mere conclusions of the pleader, and do not show that the claim had never been returned to the superior court by the levying officer with whom it was lodged. The entry of the clerk is evidence of filing, but not necessary or conclusive evidence of that fact. *Jordan* v. *Bosworth*, 123 *Ga.* 879, 880 (51 S. E. 755). Irregularities such as are alleged are not defects of which the claimants may take advantage.

*Judgment affirmed. All the Justices concur.*

No. 641.  FEBRUARY 15, 1918.

Motion to set aside judgment. Before Judge Hammond. Burke superior court. October 11, 1917.

*E. V. Heath,* for plaintiffs in error.

*Brinson & Hatcher,* contra.