GENTLE *v.* GEORGIA POWER COMPANY.

No. 10466. DECEMBER 11, 1934.

Russell, C. J., and Atkinson and Hutcheson, JJ., being disqualified, Judges Franklin, Rourke, and Worrill were designated for this case.

*E. Harold Sheats* and *Marion Williamson,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright* and *Harllee Branch Jr.,* for defendant.

GILBERT, J. In 1914 the plaintiff, then an infant three years old, brought an action through his next friend against the corporation which is alleged to be the predecessor of the defendant. Two trials were had, the last resulting in a verdict for the defendant. A motion for a new trial was filed by the plaintiff, but was never disposed of. In 1934 the plaintiff, having attained his majority, brought the present suit. The defendant demurred to the petition generally and specially. The court sustained the demurrer, and the plaintiff excepted.

■ In this State a suit by an infant is not void. Civil Code (1910), § 5524. The bringing of such a suit through a next friend is clearly recognized by our practice. § 5416. As bearing on the legal status of such a case and the legal effect of a judgment rendered therein, see *Evans* v. *Collier,* 79 *Ga.* 319 (4 S. E. 266). "It would seem from the authorities that there is no substantial difference between a prochein ami [next friend] and a guardian ad litem. The former denomination is usually applied when the representation is for an infant plaintiff, and the latter when it is for an infant defendant. But in either case the representative of the infant is regarded as an officer of court. Story's Eq. Pl. [10th ed.] §§ 57, 58, note 2." *Sharp* v. *Findley,* 59 *Ga.* 722, 729. The infant's nearest relation is supposed to be the next friend. *Sanders* v. *Hinton,* 171 *Ga.* 702, 707 (156 S. E. 812), and cit. The appointment is primarily for the court, but usually the infant in his petition names the next friend, and the court by allowing the action to proceed ratifies the appointment. An infant is bound by a judgment entered in a case brought by him through a next friend, as though he were an adult; this in the absence of gross laches or fraud or collusion. Kansas City &c. R. Co. *v.* Morgan, 76 Fed. 429 (21 C. C. A. 468); *Coalson* v. *Tooke,* 18 *Ga.* 742; *Evans* v. *Collier,* supra; *Reeves* v. *Lancaster,* 147 *Ga.* 675 (95 S. E. 246); *Dampier* v. *McCall,* 78 *Ga.* 607 (3 S. E. 563). Under the authorities above cited it must be held that, in the absence of a

definite showing of some equitable reason to the contrary, the action brought in 1914 was well brought, and that the verdict and judgment last rendered in it are binding until set aside. Long delay in the prosecution of the motion for a new trial which was filed does not affect the situation. A presumption of abandonment of an action by long delay in prosecution sometimes arises. 1 C. J. 1169. But it would seem clear that mere inaction on the part of this next friend, even for twenty years, would not bar the plaintiff's right to prosecute the motion, because all that time he was still an infant. No specific act of the adverse party is alleged with sufficient definiteness to show a cause for delay in prosecuting the original case. If an action is brought by an infant through a next friend, and the infant comes of age before the cause is finally disposed of, the action does not abate. It may proceed in the infant's name, and the next friend is no longer a necessary party. 31 C. J. 1156. No sufficient reason is shown why the original action was void. The plaintiff can not concurrently bring the two actions for the one cause.

■■ The second and third headnotes require no elaboration.

■ The petition in this case can not be treated as a motion for a new trial. A motion for a new trial must be accompanied by a brief of the evidence adduced on that trial. Without that essential, the motion is without the breath of life. *Lovelace* v. *Lovelace, Lucas* v. *Lucas,* 179 *Ga.* 821, 822. Moreover, the petition was filed many years after the closing of the term of the court during which the verdict was rendered. This also presents an immovable legal obstacle to its effectiveness as a motion for a new trial.

We will now inquire if the petition alleges any basis for equitable jurisdiction. In a proper case, based upon sufficient cause, equity has jurisdiction and will set aside a verdict and judgment. In *Griffin* v. *Sketoe,* 30 *Ga.* 300, 305, the court quoted from Lord Redesdale in Bateman *v.* Willoe, 1 Sch. & Le. 205: "When a verdict has been obtained by fraud, or whenever a party has possessed himself, improperly, of something by means of which he has an unconscientious advantage, equity will either put it out of the way or restrain the party from using it." See also *Dodge* v. *Williams,* 107 *Ga.* 410 (33 S. E. 468); *Gulf Refining Co.* v. *Miller,* 151 *Ga.* 721 (108 S. E. 25); *Williamson* v. *Haddock,* 165 *Ga.* 168 (140 S. E. 373); *Bryant* v. *Bush,* 165 *Ga.* 252 (140 S. E. 366); *Sylvania*

*Insurance Co.* v. *Johnson,* 173 *Ga.* 679 (160 S. E. 788) ; *Lovelace* v. · *Lovelace,* supra. One of the earliest cases in our reports in which the present subject is considered is *Taylor* v. *Sutton,* 15 *Ga.* 103, 105. There was a verdict and judgment in an ejectment suit, and the case arose on a bill in equity to set the judgment aside and have a new trial ordered. Judge Lumpkin gives a short but interesting story of the new trial practice, and refers to the former liberality of courts of equity in granting relief against common-law judgments, in contrast with their later reluctance so to do. But the still existing power, when invoked in a proper case, is clearly set out. Civil Code (1910) §§ 4584, 4585, 4629, 5965, and 5966 are not of statutory origin. They are but codifications of matters embraced within the general powers of a court of equity. The jurisdiction to which they specifically refer dates back long years before there ever was a Georgia Code. The word "verdicts" is not to be found in any one of these sections, but it is not thereby to be regarded as excluded by implication. Jurisdiction to relieve against verdicts inequitably obtained exists as certainly as it does against "awards, judgments, and decrees obtained by imposition." *Lovelace* v. *Lovelace,* supra. Of course it goes without saying that one invoking equitable relief against verdicts, as well as against judgments, should meet the usual requirement as to showing that his relief at law would be less adequate than his relief at equity. Under the principles ruled in the cases above cited, the plaintiff in the present proceeding could invoke the power of a court of equity to set aside the verdict and judgment rendered in 1914, provided the facts essential to such relief are alleged. These allegations are made the subject of inquiry in the next succeeding paragraph of this opinion.

■ The petition alleged the details of the tort said to have been committed by the defendant's predecessor in 1914, the filing of the suit through the next friend, petitioner then being three years of age and too young to understand anything connected with the suit which he had not authorized to be brought in his name; that the first trial resulted in a verdict for the plaintiff which he claims was grossly inadequate, that a new trial was granted, and on the second trial there was a verdict for the defendant; that a motion for a new trial was filed which had never been disposed of; that this was null and void, and was instituted and prosecuted without petitioner's

consent; that his rights as an infant of tender years were ignored by the next friend, by the defendant, and by the court itself; that it was the duty of the next friend to exercise diligence, circumspection, and ordinary care to protect petitioner's rights, to see that he was accorded due protection of law; that it was the duty of the court to see that the trial was prosecuted according to law and the best practice, and that the cause of action be presented to the jury on its merits and the rights of the infant protected; that each of said persons ignored his respective duty, and failed and refused to carry it out with respect to the rights of petitioner; that defendant deliberately contrived to defeat petitioner's interests through the practice of unfair means in the trial; that witnesses whose testimony would have been favorable to petitioner were prevented by defendant from testifying; that defendant knew that the next friend was not authorized or qualified to act; that defendant chose to remain silent and suppress the truth, and would not move the court either to supervise the action of the next friend or abate the action until petitioner could come of age, or to remove the next friend and appoint a proper person in his stead; that defendant remained silent and connived and attempted to permit petitioner's rights to be abandoned and conceded without final determination by the court; that the next friend was inexperienced, uneducated, and had interests adverse to petitioner's behalf; that the next friend gave no bond and took no oath; that he was then and is now insolvent; that all of said acts and doings on the part of said persons amounted to a fraud and nullified all of said proceedings; that the original petition filed by the next friend did not contain a full recital of all theories of the matter upon which the plaintiff was entitled to recover, but omitted a number of theories favorable to plaintiff and more susceptible of proof than those which were alleged; that at least one of the theories was abandoned; that the matters set out amount to a legal fraud, in that there was an attempt to sacrifice, vitiate, subvert, and nullify petitioner's rights by a colorable attempt to have the case adjudicated adversely to petitioner in a trial where no bona fide effort was made to preserve and protect petitioner's rights by a fair and vigorous presentation of all of the facts and theories upon which plaintiff was entitled to recover; and that petitioner is now twenty-one years of age, has investigated the matter, and disclaims every part of said proceedings as unau-

thorized either by himself or any person authorized to act for him. The prayers are that the former proceedings be declared a nullity; that the verdict and judgment be set aside; that the court consider petitioner's cause of action solely upon its merits; and that he have judgment for a stated sum, and other and further relief.

A careful analysis of the petition fails to show a single specific act or occurrence which indicates such fraud or breach of duty as would justify a court of equity to act. The petitioner does not specify which of his rights were ignored either by his next friend, by the defendant, or by the court, or which of the duties owed to petitioner by all of the persons referred to was violated. There is no allegation as to how there was a failure of diligence or professional skill by anybody, or wherein the court failed to see that the trial was properly prosecuted or the rights of the petitioner fairly presented. It is not stated how the defendant deliberately contrived to defeat the petitioner's interests, or what were the unfair means which defendant is alleged to have employed; it is not stated what witnesses were prevented by the defendant from testifying, how they were prevented, or what they would have sworn if they had been permitted to testify. It is not shown what particular matter was involved when the defendant chose to remain silent and suppress the truth, or how and wherein the defendant connived and attempted to permit petitioner's rights to be abandoned and conceded without final determination by the court. No fact is alleged which would show any disqualification on the part of the next friend to act, and no specific thing is alleged which would indicate a failure of duty on the part of the next friend. It is not shown what were the theories which the next friend failed to incorporate in the original petition, nor is it shown which one of the theories declared upon in the petition was abandoned. A careful examination of the petition leads to the conclusion that it was properly dismissed. As to the allegations that the next friend gave no bond and took no oath, there is no law in this State which requires either. *Oxford Knitting Mills* v. *Sutton*, 127 *Ga.* 162 (56 S. E. 298); *Crenshaw* v. *Keener*, 127 *Ga.* 742, 746 (57 S. E. 57). If the action brought by the infant through his next friend results in a recovery or settlement, a bond must be given before the next friend can receive the proceeds. Civil Code (1910), § 6307. The common-law rule as to giving bond to account is recognized in § 6323.

These are the general provisions on the subject. Under § 5416 the court may require a bond, but this is not mandatory. Mere general allegations of fraud are insufficient. *Anderson* v. *Goodwin,* 125 *Ga.* 663 (8), 669 (54 S. E. 679). It is necessary that the plaintiff allege specifically of what the fraud consists. A total failure to allege anything but conclusions and general statements relative to fraud, collusion, breach of duty, etc., may be dealt with on general demurrer. In *Hickman* v. *Cornwell,* 145 *Ga.* 368 (89 S. E. 330), the petition was dismissed on general demurrer. The allegations of fraud were general in terms, although severe in character. There were statements of "threats, fraud, and duress, fraudulently schemed and connived by subtle arguments and acts in consonance with other people." The court held these entirely too general, and remarked: "Fraud must be alleged in something more than adjectives." In the early case of *Carter* v. *Anderson,* 4 *Ga.* 516, 519, this court stated: "It is well settled that a general allegation of fraud in a bill amounts to nothing—it is necessary that the complainant show by specification wherein the fraud consists." In *Kilgo* v. *Castleberry,* 38 *Ga.* 512, 514 (95 Am. D. 406), the bill was dismissed on general demurrer. It was held: "Mere general charges of fraud, without specification of fraudulent acts, are not sufficient to give a court of equity jurisdiction to set aside a sheriff's sale." That decision was cited and approved in *Field* v. *Brantley,* 139 *Ga.* 437, 441 (77 S. E. 559), where the court said: "If fraud is relied on to vitiate an act, the particular facts constituting the fraud must be stated; and a general charge of fraud may be assailed by general demurrer." See also *Gould* v. *Glass,* 120 *Ga.* 50 (3, 4) (47 S. E. 505) ; *Anderson* v. *Goodwin,* supra; *Stoddard Manufacturing Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915).

■ The sixth headnote does not require elaboration.

*Judgment affirmed. Beck, P. J., Gilbert and Bell, JJ., and Franklin, Worrill, and Rourke, JJ., concur.*