## 29463. TRICE v. HOWARD.

PER CURIAM.

This is an interlocutory appeal from a judgment granting a temporary injunction following a hearing. The controversy involves a dispute over title to land, and the issue is whether the dismissal of a complaint for want of prosecution in prior litigation between the same parties conclusively adjudicated the question of title.

On August 23, 1974 and August 29, 1974, the trial judge signed two orders, both of which were filed with the clerk on August 30, 1974.

The pertinent part of the order entered on August 23, 1974 reads as follows: "That the temporary injunction heretofore issued on July 26, 1974 by this court is continued, until further order of the court, and defendant is further restrained and enjoined from trespassing upon the real property described in the complaint, as well as going on said property for any purpose whatsoever, except as hereinafter provided for. By consent of the plaintiff and at the request of the defendant, defendant shall have the right to harvest the crop he has planted on said property, immediately as the same matures and when said crop is harvested, defendant shall not again go upon said property, as provided for herein."

The pertinent part of the order signed on August 29, 1974, reads as follows: "After hearing testimony and legal argument of counsel on Friday, August 23, 1974, this court allowed the continuance of the temporary injunction by ordering that the case of *Trice v. Howard,*

decided by the Court of Appeals of Georgia, as Case Number 48968, reported in 130 Ga. App. 895, operated to vest title in the plaintiff, Henry G. Howard.

"Upon request of the defendant and pursuant to Ga. Code Ann. Sec. 6-701(a) 2, now, and within ten days of the issuance of this court's order, I hereby certify that said decision or judgment is of such importance to this case that immediate review should be had and that direct appeal in such matter is proper. I, therefore, certify for review by direct appeal this court's order of August 23, 1974."

The issue presented by this appeal had its inception in 1972 when Trice, the appellant here, filed an action against Howard, the appellee here, in the Superior Court of Lamar County seeking injunctive relief and damages. That complaint alleged that Trice was the owner in fee simple of a described tract of land and that Howard was wrongfully removing timber and pulpwood from it. Howard answered, admitted that he was removing pulpwood, but denied ownership of the land by Trice. Howard alleged that he was "in possession of said lands under and by virtue of a deed of sale."

When that case was called for trial on June 12, 1973, Trice was not present in court in person or by counsel. That same day, the trial court entered the following judgment: "For want of prosecution, judgment is hereby awarded in favor of the defendant and against the plaintiff. The prayers of the complainant are denied and judgment is hereby awarded against the plaintiff for the cost of this action." The Court of Appeals affirmed this judgment, ruling that it "operated as an adjudication on the merits" under Code Ann. § 81A-141(b). *Trice v. Howard,* 130 Ga. App. 895 (204 SE2d 808) (1974).

On July 26, 1974, the present action was filed by Howard against Trice seeking damages and injunctive relief for trespass upon the same land involved in the prior case. The complaint alleged that Howard was the owner in fee simple of the land and that any question as to title had been settled by the previous litigation. An ex parte temporary injunction was issued and a hearing was scheduled. Trice filed an answer and counterclaim in which he denied the allegations of the complaint and

prayed for damages plus temporary and permanent injunctive relief against Howard.

An interlocutory hearing was held on August 23 and after hearing evidence on the questions of ownership and trespass, the trial court continued the temporary injunction as shown by the two orders referred to above.

Trice has enumerated as error the trial court's continuance of the temporary injunction, the failure to grant temporary injunctive relief in his favor, and the ruling on the legal effect of *Trice v. Howard,* 130 Ga. App. 895, supra. Howard argues that the trial court should be affirmed, irrespective of the legal effect of *Trice v. Howard,* on the basis of the evidence submitted at the temporary hearing.

However, since the trial judge stated in his order dated August 29, 1974, that he continued the temporary injunction because *Trice v. Howard* "operated to vest title in the plaintiff," and then certified this issue for immediate review, it is clear to us that a decision on this issue is necessary, because it may ultimately control further proceedings in the trial court.

The dismissal of a complaint for want of prosecution "operates as an adjudication upon the merits" unless the order of dismissal specifies otherwise. Code Ann. § 81A-141(b). Under this rule, it has been held that such a dismissal "is res judicata . . . It is a final disposition, barring the right to bring or maintain another action on the same claim or cause." *Cranford v. Carver,* 124 Ga. App. 767 (186 SE2d 150) (1970), cert. dismissed as improvidently granted, 228 Ga. 847 (1972); *Ben Nuckolls Finance Co. v. Grubbs,* 127 Ga. App. 44 (192 SE2d 408) (1972). In the present case, however, Howard's claim in trespass against Trice involves a different "cause of action" from Trice's claim against Howard. The former litigation necessarily was based on a different act of trespass and alleged different damages. Therefore, res judicata does not apply. See *Tootle v. Player,* 225 Ga. 431 (169 SE2d 340) (1969). *Cranford v. Carver* and *Ben Nuckolls Finance Co. v. Grubbs* are not controlling.

Although res judicata is not the decisive principle here, estoppel by judgment is. The question presented is whether, under Code Ann. § 81A-141(b), a dismissal for

want of prosecution both bars a subsequent suit on the same claim and establishes facts to which an estoppel by judgment can be applied in subsequent litigation on a different claim. We hold that it does. Dismissal for want of prosecution establishes against the dismissed party any matters of fact framed by the pleadings in the former litigation which it would have been necessary to decide to render a judgment "on the merits" in favor of the opposing party. This holding is consistent with the purpose of § 81A-141(b), which is to make available a stiff sanction against plaintiffs who fail to prosecute claims in filed cases. Whether to impose this sanction, of course, remains within the discretion of the trial judge under his authority to provide in the order of dismissal that it shall not operate as an adjudication on the merits.

In the present case, Trice's original complaint, which was not prosecuted, alleged that he owned the land in question in fee simple and that Howard was wrongfully cutting timber. Howard's answer admitted cutting timber but claimed ownership of the land under a deed of sale. An adjudication of these contentions "on the merits" necessarily determined that Howard had superior title. The judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

ARGUED JANUARY 13, 1975 — DECIDED APRIL 17, 1975 — REHEARING DENIED APRIL 30, 1975.

*Christopher & Hallman, F. Edwin Hallman, Jr.,* for appellant.
*Harvey J. Kennedy, Jr.,* for appellee.

GUNTER, Justice, dissenting.
In the original case filed by Trice against Howard in Lamar Superior Court in 1972, the prayers of the complaint were that Trice have judgment against Howard in the sum of $5,000 as compensation for damages suffered and that Howard be temporarily and permanently enjoined from cutting trees on the land in dispute. The responsive pleadings filed by Howard in that

action prayed that the prayers of the plaintiff's complaint be denied, that the temporary restraining order be dissolved, and that Howard have such other and further relief as to the court may seem equitable and just.

The judgment entered in that case on June 12, 1973, was: "For want of prosecution, judgment is hereby awarded in favor of the defendant and against the plaintiff. *The prayers of the complaint are denied* and judgment is hereby awarded against plaintiff for cost of this action."

It is clear to me that the judgment rendered in this case, for want of prosecution by Trice, adjudicated only that Trice was not entitled to money damages or to an injunction to prevent the further cutting of trees on the disputed property. The judgment entered, in my view, did not adjudicate ownership, that Howard had a superior title to the subject property to Trice.

Therefore, when Howard filed the present action against Trice in 1974 for damages and to enjoin Trice from trespassing upon the disputed property, I do not think that the former 1973 judgment could be relied on by Howard on the basis of res judicata or collateral estoppel.

I would simply hold that the issues adjudicated by the 1973 judgment, entered for the failure of Trice to prosecute his action, did not finally adjudicate the issues raised in the 1974 action brought by Howard against Trice.

The court has today, in my opinion, compounded the error of *Cranford v. Carver.* See my dissenting opinion in 228 Ga. 847. Even assuming that *Cranford* was right, it is wrong to extend the effect of a dismissal for want of prosecution beyond res judicata. "Even though the dismissal is with prejudice, if no facts have been adjudicated, as when the dismissal is for want of prosecution, the judgment, though a bar to a second suit on the same claim, does not establish any facts to which the doctrine of collateral estoppel can be applied in later litigation on a different claim." 9 Wright & Miller, Federal Practice and Procedure: Civil, p. 231, § 2373, (1971).

I respectfully dissent.

I am authorized to state that Justice Ingram joins in

this dissent.