## 55428. ANDERSON v. FULTON NATIONAL BANK et al.

SMITH, Judge.

Appellant, as executrix for Joe Anderson, appeals from the denial of her motion to set aside an order approving the accounting of a receiver and authorizing his discharge. We reverse.

Fulton National filed a suit against Gold Key Venture, a partnership which had defaulted on a loan made to it by Fulton National, and perfected service of process upon Joe Anderson, an alleged partner in Gold Key. Anderson answered "individually," denying Fulton National's allegation that "[d]efendant is a Georgia general partnership composed of Joe H. Anderson, G. C. Rowland and Jose E. Valera." The court appointed a receiver for certain partnership property and the proceeds therefrom, which secured the bank's loan to Gold Key. Anderson's answer stated that, before the appointment of the receiver, he had "agreed to sell" his interest in the secured property and that, since the time of the agreement, he "ha[d] taken no part in the operation of the property nor ha[d] he received any of the rents, profits, or income" therefrom. The receiver and another alleged partner, Valera, entered into a settlement, insofar as Valera's liability was concerned, with Valera transferring to the receiver $26,000 in partnership funds. The receiver's final accounting incorporated that settlement and recommended the dispersal to Fulton National of $50,872.06 in partnership funds. The court approved the receiver's final report and discharged the receiver upon a hearing in chambers, at which the receiver and First National's counsel were present. Anderson was given no notice of that hearing, which took place in his absence.

Appellant contends the court should have granted her motion to set aside the order approving the receiver's accounting and discharging the receiver, as Anderson had not been afforded notice of the hearing held on that report. We agree. "The judges of any court of record may, *on reasonable notice to the parties,* at any time, either in term or vacation, and at chambers, in any county in the circuit,

hear and determine by interlocutory or final judgment any matter or issue . . ." (Emphasis supplied.) CPA § 40 (b) (Code Ann. § 81A-140 (b)). "This court has previously stated that it will not sanction the holding of ex parte hearings, except in the case of extraordinary matters such as temporary restraining orders and temporary injunctions. In other judicial hearings, both parties should be notified of the hearing with an opportunity of attending and voicing any objection that may be properly registered." *Apex Supply Co. v. Johnny Long Homes,* 143 Ga. App. 699, 701 (240 SE2d 171) (1977). The record did not establish, and, in its order denying the motion to set aside, the court did not find that Anderson was not a partner in Gold Key or that he was uninterested in the secured property. As a party who was allegedly a partner and who remained, as such, susceptible to being adversely affected by any dealings with partnership property, Anderson was entitled to notice of the hearing on the receiver's account. See 75 CJS 1037, Receivers, § 373; and *North Peachtree &c. Properties v. Hicks,* 136 Ga. App. 426 (4) (221 SE2d 607) (1975). The fact of lack of notice and the resulting denial of due process appeared on the face of the record; hence, it was error for the court to overrule appellant's motion to set aside the order approving the account and discharging the receiver. CPA § 60 (d) (Code Ann. § 81A-160 (d)). Finally, appellant moved to set aside the order within three years of the entry thereof, and, contrary to the court's conclusion, she cannot be said to have waived the objection as to the lack of notice. CPA § 60 (f) (Code Ann. § 81A-160 (f)).

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

ARGUED MARCH 1, 1978 — DECIDED MAY 12, 1978 — REHEARING DENIED JUNE 9, 1978.

*Hatcher, Myerson & Irvin, Henry M. Hatcher, Jr.,* for appellant.

*Levine, D'Alessio & Cohn, Morton P. Levine, Sutherland, Asbill & Brennan, H. Edward Hales, Jr., Alfred G. Adams, Jr., Lefkoff & Hanes, Joseph Lefkoff,*

*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, John M. Sikes, Jr.,* for appellees.