## 34592. SPYROPOULOS v. JOHN LINARD ESTATE.

HALL, Justice.

This case is here on the grant of certiorari in *Spyropoulos v. John Linard Estate,* 148 Ga. App. 380 (251 SE2d 327) (1978). The petitioner's case in the Fulton County Superior Court was dismissed by the trial court under Code Ann. § 81A-141 (b) for his failure to be present when the matter came on to be heard pursuant to a notice of trial which was given by publication of the court calendar in the Fulton County Daily Report. The petitioner is an out-of-state attorney who represented himself at the time of the dismissal. After learning of the dismissal, he filed a motion to set aside the judgment or in the alternative for a new trial on extraordinary grounds under Code Ann. § 81A-160. His motion was supported by an affidavit stating that he had no personal notice of the trial calendar. The trial court denied the motion and stated in the order that notice of trial published in the Fulton County Daily Report, the official organ of Fulton County, is sufficient notice under Code Ann. § 81A-140(c), citing *Rockmart Bank v. Beck,* 129 Ga. App. 457 (199 SE2d 907) (1973) as the controlling authority. The Court of Appeals affirmed.

Prior to the adoption of the Civil Practice Act, parties and their counsel were ". . . bound to take notice of the time and place of trial and of when their presence is required." *Blanch v. King,* 202 Ga. 779, 783 (44 SE2d 779) (1947). However, where the trial court prepared a calendar of cases for trial under Code Ann. § 24-3343, a party or his counsel could rely on the fact that a case not on the calendar would not be called for trial in his absence and without notice to him of a change in the court's calendar. *Williams v. Linn,* 108 Ga. App. 629(3) (133 SE2d 892) (1963).

The CPA was adopted in 1966 and provides: "The courts shall provide for the placing of actions upon the trial calendar (1) without request of the parties but upon notice to the parties, or (2) upon request of a party and notice to the other parties. . . ." Code Ann. § 81A-140(c). Code Ann. § 24-3343 was not repealed by the CPA. In our opinion, notice of trial by publication of the court calendar

in the Fulton County Daily Report is notice pursuant to Code Ann. § 81A-140(c). *McNally v. Stonehenge, Inc.,* 242 Ga. 258 (248 SE2d 653) (1978). See also *Redding v. Raines,* 239 Ga. 865 (239 SE2d 32) (1977). However, this does not mean that the trial court is without authority to set aside the judgment or grant a new trial under Code Ann. § 81A-160 where the circumstances warrant such relief. It should be remembered that an order of dismissal for failure to prosecute is discretionary and is subject to appellate review for abuse of discretion. 9 Wright & Miller, Federal Practice and Procedure: Civil, p. 203, § 2370; 5 Moore's Federal Practice 1125, ¶ 41.11[2]. A dismissal with prejudice for failure to prosecute should not be based solely on absence but on *all* the circumstances of the case. See Link v. Wabash R. Co., 370 U. S. 626, 634-635 (1962). The trial court erred in ruling that it had no authority to set aside the dismissal.

The judgment of the Court of Appeals and the trial court is reversed and the case is remanded to the trial court to exercise its discretion in determining whether under all the circumstances of the case the judgment of dismissal with prejudice should be set aside.

*Judgment reversed and remanded. All the Justices concur, except Jordan and Bowles, JJ., who concur in the judgment only.*

SUBMITTED MARCH 12, 1979 — DECIDED APRIL 17, 1979.

*Richardson, Chenggis & Constantinides, Platon P. Constantinides,* for appellant.