## 34831. MOSLEY v. LANKFORD et al.

HILL, Justice.

This is an appeal from an order refusing to grant a petition to set aside the dismissal of a minor's tort action for want of prosecution.

Plaintiff-appellant Nick Mosley, a minor, was injured in July, 1971, in an accident involving a car and mini-bike on which he was a passenger. He filed suit, with his father acting as next friend, against the driver of the car and her father and the driver of the mini-bike and his father. Prior to the trial of that issue, in 1974 plaintiff's attorney withdrew, with appropriate notice to the court, and informed plaintiff's father that he would see to it that the trial be postponed. Plaintiff's father was unable to secure new counsel. The trial, having been postponed, came on regularly for trial on January 13, 1975, and was dismissed that day with prejudice for want of prosecution as neither plaintiff nor his father appeared when the case was called.

In February, 1977, plaintiff filed a complaint in equity, with his mother acting as next friend, seeking to set the January, 1975, judgment aside. The facts were stipulated by the parties. Finding that the case had been dismissed for want of prosecution due to plaintiff's

negligence, the trial judge denied relief.

Plaintiff's sole enumeration of error is that the trial judge, in refusing to set aside the judgment against him, failed to adequately protect his rights as a minor.

We are not here concerned with the sanctity of judgments entered following trials upon the merits of cases where one of the parties was a minor. *Reeves v. Lancaster,* 147 Ga. 675 (95 SE 246) (1917); *Gentle v. Ga. Power Co.,* 179 Ga. 853 (1) (177 SE 690) (1934); *Hargrove v. Youmans,* 181 Ga. 614 (183 SE 564) (1935); see also *O'Neil v. Moore,* 118 Ga. App. 424 (2) (164 SE2d 328) (1968). We are concerned here with the rights, if any, of a minor plaintiff whose next friend permitted the minor's case to be dismissed for want of prosecution. It should be noted that if the suit had not been filed during the minor's infancy, the statute of limitations would not bar its being filed when the minor reached majority. Code § 3-801. It should also be noted that if the father's negligence is not chargeable to the child, the mother's failure to protect the child's rights is also not chargeable to the child.

We have held that an order of dismissal for failure to prosecute under Code Ann. § 81A-141 (b) is discretionary and subject to appellate review for abuse of discretion on motion to set aside. *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40) (1979). In this case, the trial court in the original action dismissed the minor's action for want of prosecution pursuant to Code Ann. § 81A-141 (b) when no one appeared in behalf of the minor at the call of the case. As was stated in Dacanay v. Mendoza, 573 F2d 1075, 1079 (9th Cir. 1978), "While the infant sues or is defended by a guardian ad litem or next friend, every step in the proceeding occurs under the aegis of the court." " 'A guardian ad litem or next friend has no authority to compromise or settle a suit except by leave of the court.' " *Saliba v. Saliba,* 202 Ga. 279, 283 (42 SE2d 748) (1947). For the same reasons a minor's next friend has no authority to forfeit the minor's claim by lack of prosecution except by leave of court. Because the minor was not represented at the call of the case, it was incumbent upon the trial court in the original action to appoint a guardian ad litem or "make such other order as it [deemed] proper for the protection of the infant . . ." Code

Ann. § 81A-117 (c); see *Saliba v. Saliba,* supra. For example, all that was necessary to protect the minor's interest was that the complaint be dismissed without prejudice as authorized by Code Ann. § 81A-141 (b), rather than dismissed with prejudice. We hold that it is error to dismiss *with prejudice* a complaint brought on behalf of a minor by next friend for lack of prosecution without a further hearing and determination that the dismissal should be with prejudice.

*Judgment reversed. All the Justices concur, except Jordan and Marshall, JJ., who dissent.*

SUBMITTED APRIL 20, 1979 — DECIDED OCTOBER 2, 1979.

*Charles A. Cole, Jr.,* for appellant.

*Dennis, Corry, Webb, Carlock & Williams, Robert C. Semler, Robert E. Corry, Jr., Downey, Cleveland & Moore, Lynn A. Downey, Joseph C. Parker,* for appellees.

JORDAN, Justice, dissenting.

I would affirm the finding of the trial court that the dismissal of the suit "was due to the negligence of plaintiff for which no relief can be given under Code Ann. § 81A-160 (e)."

I agree with the statement in the majority opinion that if the suit had not been filed during the plaintiff's infancy, the statute of limitations would not bar its being filed when the minor reached majority. However, when a suit is filed on behalf of a minor by his representative or by his next friend or a guardian ad litem, it is subject to the rules governing all suits and it becomes the duty of that representative and his attorney to diligently pursue the litigation.

Code Ann. § 81A-117 (c) clearly provides that an infant or incompetent person "may sue by his next friend or by a guardian ad litem." If a guardian ad litem had been desired, it was the duty of counsel to so move the court. See *O'Neil v. Moore,* 118 Ga. App. 424 (2) (164 SE2d 328) (1968).

It is important to note that the accident giving rise to this litigation occurred in July, 1971. The plaintiff,

through his father as next friend, hired an attorney and filed suit. Over 3 years later the case had not been tried and the attorney withdrew from the case with notice to his client and the court. Several months later, in January 1975, the case came on regularly for trial and was dismissed for want of prosecution, this acting as a dismissal on the merits. In February 1977, some 2 years and 1 month after the dismissal, the present suit to set aside was filed. The trial court's order is dated December 11, 1978. The case was docketed in the Court of Appeals on February 9, 1979, and transferred to this court on March 9, 1979. The majority opinion now sends the case back for trial sometime in the 80's, some 10 years after the accident. This inordinate delay deprecates the judicial system, and was occasioned solely by the negligence of the plaintiff's parents in attempting to pursue his cause in the courts. Such trifling with the courts should not be the object of a reward by this court.