58532. MAOLUD et al. v. KELLER.

SOGNIER, Judge.

In the proceedings below the trial court upon motion of plaintiff stuck defendants' answer, dismissed their counterclaim, and entered judgment against them by default. Plaintiff's motion was based on Code Ann. § 24-3341, which authorizes the superior courts to strike a defendant's answer, or the dismissal of a plaintiff's case, where the party fails to announce ready for trial within

three minutes of the call of the case. The Civil Practice Act contains a similar provision (Code Ann. § 81A-141 (b)), and it applies to counterclaims as well. Code Ann. § 81A-141 (c).

Subsequently the defendants, alleging that they "did not appear at trial through no fault of their own," moved to set the judgment aside pursuant to CPA § 60 (d) (Code Ann. § 81A-160 (d)) "on the ground of insufficient notice of withdrawal of counsel of record, inability to obtain substitute counsel, and lack of proper notice of trial date." The trial court denied the motion without elaboration, and defendants appeal.

We are required to reverse pursuant to *Spyropoulos v. John Linard Estate,* 243 Ga. 518, 519 (255 SE2d 40) (1979), which held that although a party's claim of no notice of trial may be without merit, "this does not mean that the trial court is without authority to set aside the judgment or grant a new trial under Code Ann. § 81A-160 where the circumstances warrant such relief. It should be remembered that an order of dismissal for failure to prosecute is discretionary and is subject to appellate review for abuse of discretion. [Cits.] A dismissal with prejudice for failure to prosecute should not be based solely on absence but on *all* the circumstances of the case."

The sustaining of plaintiff's motion was solely on the ground of defendants' absence from trial, and accordingly "[t]he judgment of the . . . trial court is reversed and the case is remanded to the trial court to exercise its discretion in determining whether under all the circumstances of the case" the judgment pursuant to default should be set aside. *Spyropoulos,* 243 Ga. 518, 519, supra.

*Judgment reversed and case remanded. McMurray, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 26, 1979 — DECIDED FEBRUARY 1, 1980.

*John S. Graettinger, Jr.,* for appellants.
*Stephen M. Kiser* for appellee.