## 58760. UNICOVER, INC. v. EAST INDIA TRADING COMPANY.

Smith, Judge.

The East India Trading Company sought recovery from Unicover, Inc., an insurance broker, for damages to merchandise

shipped from Bombay, India to Atlanta. The matter was heard by the trial court without the intervention of a jury. The trial court found in favor of East India and entered judgment in the amount of $21,876.20. In addition to a procedural matter regarding the addition of East India as a party, Unicover enumerates as error several of the trial court's findings of fact, to wit: that Unicover was the actual insurer; that the insurance contract provided coverage for some items on the basis of two times East India's cost; that the insurance contract was not induced by East India's misrepresentations as to the value of certain items shipped; that Unicover and East India were not coinsurers of the merchandise; and that all items were packed as required by the contract. Unicover also attacks the court's computation of damages based on the findings of fact and the recovery awarded on certain items not enumerated in the original complaint. We affirm.

1. On September 25, 1978, Allan Waller, Ltd. instituted this action by filing suit against Unicover, Inc. In its answer, Unicover denied ever having had any dealings whatsoever with Allan Waller, Ltd. On March 23, 1979, Allan Waller filed an amendment to its complaint substituting East India Trading Company as plaintiff and the real party in interest. The amendment further stated that both companies were principally owned and operated by the same individual. On April 4, 1979, Unicover moved for a judgment on the pleadings contending that Allan Waller's attempted substitution of East India as "the real party in interest" was an admission to its defense that Unicover and Allan Waller, Ltd. had never transacted any business. In the alternative, Unicover sought to have the amendment stricken as an improper attempt to add a party without a court order contrary to CPA § 21 (Ga. L. 1966, pp. 609, 632; Code Ann. § 81A-121). On April 11, 1979, Allan Waller moved to add East India as a party plaintiff under CPA § 21, contending that both companies were necessary parties plaintiff.

"No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for . . . joinder or substitution of the real party in interest." CPA § 17 (a) (Code Ann. § 81A-117 (a)). In situations such as this, CPA § 17 (a) must be read in pari materia with CPA § 21 which allows for the adding of a party *"by order of the court* on motion of any party . . . and on such terms as are just." (Emphasis supplied.) See *Clover Realty Co. v. Todd,* 237 Ga. 821 (229 SE2d 649) (1976).

Allan Waller contended that, as sister companies, both East India and itself were jointly involved in the negotiations and the issuance of the insurance policies; further, East India's participation in this matter became apparent only after discovery had begun. Allan Waller also contended that East India's participation in the case was necessary to avoid a duplicity of claims and to properly dispose of the subject matter of the action.

The record indicates that discovery was well under way at the time of the preliminary hearing on these motions. As a result, Unicover knew prior to filing its motion that the individuals with whom it had been dealing were officers of both companies. Under the circumstances, we are not persuaded that Unicover was prejudiced by the addition of East India as a party plaintiff. The Civil Practice Act is to be construed to secure the just, speedy and inexpensive determination of every action. In our view, the trial court properly exercised its discretion.

2. Findings of fact made by the trial court in nonjury cases will not be set aside where there is any evidence to support them. *Kingston Dev. Co. v. Kenerly,* 132 Ga. App. 346 (208 SE2d 118) (1974). As the facts found by the court were authorized by the evidence, Unicover's Enumerations Nos. 2, 3, 4, 5, 7 and 8 are without merit.

3. Unicover objected to evidence introduced at trial regarding damage to certain items not enumerated in the original complaint. Unicover now contends that the issues regarding these items were not tried by the consent of the parties as required by CPA § 15 (b). However, "[i]f evidence is objected to at trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the submission of such evidence would prejudice him in maintaining his action or defenses upon the merits." CPA § 15 (b) (Ga. L. 1966, pp. 609, 627; Code Ann. § 81A-115). The court found that these items were not only part of the proof of claim submitted to Unicover, but were also disclosed to Unicover during discovery. Further, no continuance was requested. We are not persuaded that Unicover suffered any prejudice to its defense notwithstanding that East India failed to properly amend its complaint as contemplated by CPA § 15 (b). Under the facts and circumstances of this case, any error was harmless. CPA § 61 (Ga. L. 1966, pp. 609, 664; Code Ann. § 81A-161).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 18, 1979 — DECIDED MARCH 12, 1980 — REHEARING DENIED MARCH 27, 1980 — 

*E. Penn Nicholson, Paul W. Bonapfel,* for appellant.
*John C. Gray,* for appellee.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

