### 60881. JOHNSON et al. v. HOOKS.

MCMURRAY, Presiding Judge.

This is an action in the State Court of Fulton County on an open account. Both defendants, acting pro se, filed timely answers denying any indebtedness.

The date of the hearing of the case was published in the Fulton County Daily Report as provided by local rules. In accordance with the custom and practice of the trial court, a postcard was sent to defendants to inform them of the date set for trial of the case; however, this card was never received by defendants and was returned to the trial court by the post office.

Defendants failed to appear. The answers were stricken and default judgment entered against defendants on March 18, 1980.

On June 2, 1980, defendants filed their extraordinary motion for new trial supported by brief and affidavits which attempted to show defendants did not receive the notice they had expected to receive and relied upon to know of the date of trial of the case sub judice. The trial court denied defendants' motion based on its determination that it had no discretion to order either a new trial or to set aside the judgment in the matter. Defendants appeal. *Held:*

It is clear that publication of the trial calendar in the official county newspaper is notice of trial pursuant to the provisions of Code Ann. § 81A-140(c) (Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245; 1968, pp. 1104, 1108). However, the trial court has authority to set aside a judgment by default or grant a new trial where the circumstances warrant such relief. The trial court stated in its order that it had "no discretion to either order a new trial on the matter or to set aside the judgment in the matter." The trial court failed to exercise its discretion and consider all the circumstances of the case but predicated its decision solely upon the defendants' absence from the trial. Under these circumstances the judgment is reversed and

remanded to the trial court in order that it properly exercise its discretion. *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40); and *Maolud v. Keller,* 153 Ga. App. 268 (265 SE2d 86).

*Judgment reversed and case remanded. Smith and Banke, JJ., concur.*

ARGUED OCTOBER 9, 1980 — DECIDED OCTOBER 24, 1980.

*Martin L. Ellin, Kenneth G. Levin,* for appellants.
*George B. Hooks,* for appellee.