62573. EAST INDIA COMPANY, INC. et al. v. MARSH & McLENNAN, INC. et al.

DEEN, Presiding Judge.

This action was brought by two corporations, East India Co., Inc. and Allan Waller, Ltd., for damages resulting from the theft of certain antiques during shipment from Bombay, India, to Atlanta. East India Co., Inc. and Allan Waller, Ltd. are corporations principally owned and operated by their president, Allan Waller. Allan Waller, Ltd. first sued the insurer Unicover, Inc. for the loss but during that action filed an amendment substituting East India Trading Co., Inc. as the plaintiff in its place. That trial resulted in a verdict recovering damages for the loss from the insurer Unicover. *Unicover, Inc. v. East India Trading Co.,* 154 Ga. App. 161 (267 SE2d 786) (1980), cert. denied June 13, 1980.

The present action seeking recovery for the same loss was filed by Allan Waller, Ltd. and East India Co., Inc. jointly with retained counsel who subsequently withdrew, notifying the clerk of court and also notifying the plaintiffs that they should either engage other counsel or file a pro se appearance card and self-addressed post card for notification of trial to avoid a default judgment. Neither action was taken. This case came up on the trial calendar November 4, 1980, following a return of remittitur in the *Unicover* case (counsel had agreed that this action would be held until disposition of that one) after advertisement twice in the Fulton County Daily Report but without personal notice to the plaintiffs. There was no appearance for plaintiffs and, on motion of defendants' counsel a default judgment in their favor on the counterclaim and a dismissal of the main action were entered on November 4, 1980. On February 13, 1981, at a subsequent term of court a motion was filed by the plaintiffs to set aside the judgment, the denial of which is the subject of this appeal. We affirm.

1. "In our opinion, notice of trial by publication of the court calendar in the Fulton County Daily Report is notice pursuant to Code Ann. § 81A-140 (c). *McNally v. Stonehenge, Inc.,* 242 Ga. 258 (248 SE2d 653) (1978)." *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40) (1979). Under the circumstances of this case we find that the notice appearing in that newspaper was sufficient. First, according to Allan Waller, President of both the East India Company and Allan Waller, Ltd., he is the majority stockholder of Allan Waller, Ltd., for which East India Company is "our primary operating company." They have the same address, "operate as one and the same," and "are basically the same company." Where in a case there are multiple defendants or other parties whose interests may be inimical, or at least far from identical, an ex parte or other judicial hearing as to which one of the defendants is not notified and given the opportunity to defend is a denial of due process. *Anderson v. Fulton Nat. Bank,* 146 Ga. App. 155 (245 SE2d 860) (1978). The trial court recognized this rule, but as to the contention that the calendar entry printed in the Fulton County Daily Report was insufficient to constitute notice to the *plaintiffs,* he correctly held the notice provision sufficient under the facts of this case. Under the testimony of their president, these corporations are basically one and the same, and Allan Waller is in effect the alter ego of both. The notice in the Report reading "714488. East India Co., Inc. vs. Marsh & McLennan, Inc., Ray C. West Ind. & as agent for Marsh & McLennan, Inc. & Fireman's Fund Ins. Co., Inc., Powell & Goldstein, John F. Davis for defendant" is not inadequate under the facts in not including the name of the co-plaintiff Allan Waller, Ltd., since the position of the

two plaintiffs is in fact identical. This was not the case in *Anderson,* supra, involving notice to two *defendants* who as former partners in a quasi-defunct operation had differing legal positions and potential liabilities.

Nor was the newspaper notice insufficient in that it failed to include, after the name of the plaintiff, the designation "pro se." Appellants in contending this omission was error rely upon *Brown v. C. & S. Nat. Bank,* 245 Ga. 515 (265 SE2d 791) (1980). That opinion, although recognizing the general rule of *Spyropoulos v. John Linard Estate,* 243 Ga. 518, supra, refused to apply it for two reasons: (1) The trial court had and exercised discretion to vacate his prior order under the facts of that case, and (2) where the appellant's name was listed but that of his attorney was not, the notice was defective because "in searching the published calendar, attorneys and their calendar assistants look for the names of counsel, not the names of cases." Id. p. 518. *Brown* thus obviously has no application here. No attorney was representing either plaintiff at the time. The court properly held that the notice twice published in the Report was sufficient.

2. It is also contended that the trial court's decision, which is lengthy and circumstantial, is so far an abuse of discretion as to amount to a lack of due process. We have examined the record on which it is based and find no constitutional error.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 29, 1981 —
REHEARING DENIED NOVEMBER 30, 1981.

*Stan Kreimer, Jr., Robert N. Meals,* for appellants.
*John F. Davis, Jr., James C. Rawls,* for appellees.

ON MOTION FOR REHEARING.

The appellants have made a motion to rehear in this case contending that the judgment appealed from dismissing the case for lack of prosecution must be set aside insofar as the language "with prejudice" is involved under the authority of *Johnson v. Hooks,* 156 Ga. App. 257 (274 SE2d 666) (1980) and *Maolud v. Keller,* 153 Ga. App. 268 (265 SE2d 86) (1980). Both these cases reversed an order of dismissal which had become final based on *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40) (1979). Our decision is in line with *Trice v. Howard,* 234 Ga. 189 (214 SE2d 907) (1975) which held that the dismissal of a complaint for want of prosecution operates as an adjudication on the merits unless the order of

dismissal specifies otherwise, and that it operates both as res judicata and as estoppel by judgment. A dissent by two justices conceded that such a dismissal operates as res judicata but does not agree that it should also operate as an estoppel by judgment, the operative issue in that case.

*Spyropoulos v. John Linard Estate,* 243 Ga. 518, supra, without referring to *Trice,* held that the trial court was not without authority to set aside a judgment entered for lack of prosecution "where the circumstances warrant such relief. . . A dismissal with prejudice for failure to prosecute should not be based solely on absence but on *all* the circumstances of the case. . . The trial court erred in ruling *that it had no authority* to set aside the dismissal."

Thereafter, *Maolud* (1980) and *Johnson* (1980) without referring to *Trice* reversed orders of dismissal. We interpret *Maolud* as holding that the dismissal there "was solely on the ground of the defendants' absence from trial" and the case was reversed and remanded to "exercise his discretion" in the matter, a judgment which comports with the *Spyropoulos* case, and also with *Trice.* In the *Johnson* case, the trial court affirmatively stated in its order that it "had no discretion to either order a new trial on the matter or to set aside the judgment." This was error under both *Spyropoulos* and *Trice,* the *Trice* holding being (p. 191) that "the dismissal of a complaint for want of prosecution 'operates as an adjudication upon the merits' unless the order of dismissal specifies otherwise."

The *Trice* and *Spyropoulos* rulings were harmonized in *Burns & Ledbetter, Inc. v. Primark Marking Co.,* 244 Ga. 341 (260 SE2d 58) (1979) at page 344 where the court, following the *Trice* ideology, held that where the appellants failed to show that the trial court in granting the appellee's motion for summary judgment on a motion to set aside a default judgment based on a failure to appear on the trial date "in any way failed to take all the circumstances of the default judgment into account" the denial of the motion to set aside would be affirmed. The burden is clearly on the appellant to show that the trial judge failed to exercise his discretion in the matter. Where he fails to do so, as in *Mosley v. Lankford,* 244 Ga. 409 (260 SE2d 322) (1979) the refusal to set aside the dismissal for lack of prosecution is error. In *Mosley* the plaintiff was a minor and was entitled to representation, and it appeared from the face of the record both that no one appeared in his behalf (although his father was acting as next friend) and that the court failed to appoint a guardian ad litem in his behalf. No such circumstances occur in this case.

*Judgment adhered to.*