## 64659. MURER et al. v. HOWARD et al.

SOGNIER, Judge.

James and Jackie Murer's complaint against James Howard and Ben Bernard was involuntarily dismissed when the Murers and their counsel failed to appear at a special calendar call. Pursuant to Code Ann. § 81A-160 (d) (now OCGA § 9-11-60), the Murers filed a motion to set aside the dismissal alleging a nonamendable defect — lack of notice of the calendar call — appeared on the face of the record. The trial court denied the motion and the Murers appeal.

The complaint was filed on June 27, 1979; appellees answered on July 23, 1979. Appellants had requested that their case be placed on the active trial calendar on three separate occasions and, in accordance with local rules, the Murers had filed a pre-trial statement of the case on September 8, 1981. The trial court called a special trial calendar on October 19, 1981 for the purpose of clearing pending civil cases filed from March 1976 through December 1976. The instant case was number 265 on the special calendar and appellants' counsel was listed as attorney of record.

The trial court held a hearing on appellants' motion to set aside and received evidence on the issue of notice. The Deputy Clerk of the Columbia County Superior Court testified by affidavit that she notified appellants' counsel by telephone on or about October 14, 1981 that a "hearing" was scheduled on October 19, 1981 regarding the instant case. Appellants' counsel acknowledged receipt of the telephone call but contends that no date was given for the special calendar call at the time his secretary received the message. Appellants' counsel also testified that he picked up a copy of the calendar at the clerk's office on October 16, 1981. The trial court found as a matter of fact that appellants had received adequate notice of the special calendar call and refused to set aside the judgment of dismissal for want of prosecution.

Appellant contends that the trial court abused its discretion in failing to set aside the judgment. We do not agree.

A judgment or order based upon a trial or hearing entered against a party without notice to that party of the trial or hearing is subject to a motion to set aside where the lack of notice appears on the face of the record. *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40) (1979). The calendar itself listed appellants' counsel as attorney of record; thus, no nonamendable defect appears on the face of the record. *Scott v. W. S. Badcock Corp.,* 161 Ga. App. 826 (289 SE2d 769) (1982).

There is a presumption in favor of the regularity and legality of all proceedings in superior court, *Hancock v. Oates,* 244 Ga. 175, 177

(259 SE2d 437) (1979); there is also a presumption that the clerk gave notice as required. *Trice v. Howard,* 130 Ga. App. 895 (204 SE2d 808) (1974). The burden was on the appellants to show that they did not receive proper notice. Id. The trial court found as a matter of fact that appellants' counsel was notified in advance of the calendar call, a finding which cured any defect in the record. *Brown v. Citizens &c. Nat. Bank,* 245 Ga. 515, 519 (265 SE2d 791) (1980). The trial court, after hearing evidence and considering all the circumstances of the dismissal, did not abuse its discretion in refusing to set the judgment aside. *Carson v. Morris,* 164 Ga. App. 732 (—— SE2d ——) (1982); *Havlik v. Tuftcraft, Inc.,* 162 Ga. App. 180 (290 SE2d 524) (1982); *Maolud v. Keller,* 153 Ga. App. 268 (265 SE2d 86) (1980).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 10, 1983 —
REHEARING DENIED JANUARY 28, 1983 — ▆▆▆▆▆▆

*Vernon J. Neely,* for appellants.
*G. Larry Bonner, John Fleming,* for appellees.