66280. BEACH'S CONSTRUCTION COMPANY, INC. v. MOSS.

SOGNIER, Judge.

Beach's Construction Company, Inc. (Beach's) sued Annie Moss to obtain the balance due under a contract for repairs to Moss' property. Although an attorney for Moss obtained an extension for filing the answer, the answer itself was filed pro se and that attorney did not act on behalf of Moss on any other matter involved in this case. When Moss failed to appear on the date of trial, the trial court struck her answer and entered a default judgment for Beach's, awarding it principal, interest, costs, and attorney fees. Thereafter, Moss filed a motion to set aside the judgment, which was granted by the trial court except for that part of the judgment which awarded $1,000 in attorney fees to Beach's. Beach's appeals the grant of the motion setting aside the remainder of the judgment; Moss cross-appeals the part of the order pertaining to attorney fees.

1. Beach's contends that the trial court erred by setting aside the judgment as to principal, interest, and cost because under the provisions of OCGA § 9-11-60 (d) (Code Ann. § 81A-160) there was not a nonamendable defect appearing upon the face of the record or pleadings. At the hearing on her motion to set aside the judgment, Moss showed that her failure to appear at trial was through no fault of her own but was due to lack of proper notice of the trial date. She asserted that this lack of proper notice was caused by a lack of personal notice of the trial date from either plaintiff's counsel or from the attorney who had filed for the extension.

The appellate courts of Georgia have held that failure of counsel or a party acting pro se to receive notice of trial is such a defect as will authorize the setting aside of judgment under authority of OCGA § 9-11-60 (d) (Code Ann. § 81A-160). See *Brown v. Citizens &c. Nat. Bank,* 245 Ga. 515, 518-519 (265 SE2d 791) (1980); *Murer v. Howard,* 165 Ga. App. 230 (299 SE2d 151) (1983); see generally *Johnson v.*

*Hooks,* 156 Ga. App. 257 (274 SE2d 666) (1980). Hence, we find no merit in Beach's appeal.

2. Moss contends the trial court erred by continuing in full force and effect that portion of the default judgment which granted $1,000 in attorney fees to Beach's. The attorney fees were claimed by Beach's on the basis of Moss' refusal to pay the balance of the money due under the contract, which was the subject of the judgment set aside by the trial court. Although we do not here determine to what extent the trial judge can vacate a judgment in part only, we hold that when a judgment is set aside so that a bona fide controversy exists, a trial court cannot refuse to also set aside the attorney fees claimed on the basis of the reactivated suit. Beach's right to attorney fees is totally dependent on the suit on the contract instituted by Beach's. Thus, it would be premature to award attorney fees to Beach's because of Moss' alleged refusal to pay prior to determination of the case on its merits. We find support for our holding in those cases which have disallowed awards of attorney fees claimed on a basis of a mere refusal by a defendant to pay a plaintiff where a bona fide controversy existed or where there had been no evidence of bad faith arising out of the transaction upon which the complaint was based. See *Traders Ins. Co. v. Mann,* 118 Ga. 381, 385 (45 SE 426) (1903); *Brannon Enterprises v. Deaton,* 159 Ga. App. 685 (285 SE2d 58) (1981); *Nestle' Co. v. J. H. Ewing & Sons,* 153 Ga. App. 328, 332 (4) (265 SE2d 61) (1980); *First Nat. Bank v. Wynne,* 149 Ga. App. 811, 818 (256 SE2d 383) (1979); *Brooks v. Steele,* 139 Ga. App. 496, 498 (2) (229 SE2d 3) (1976).

Since a bona fide controversy exists and there has been no determination that Moss acted in bad faith when the contract was entered into, it was error for the trial court to deny the motion to set aside the judgment as to attorney fees.

*Judgment affirmed in part; reversed in part. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 3, 1983 —
REHEARING DENIED OCTOBER 18, 1983 —

*Joyce D. Colmar,* for appellant.
*Archer D. Smith III,* for appellee.