A94A2744. PIGGLY WIGGLY SOUTHERN, INC. v. McCOOK et al.
(454 SE2d 203)

BIRDSONG, Presiding Judge.

This discretionary appeal was granted to consider the contention of Piggly Wiggly Southern, Inc. d/b/a Piggly Wiggly of Fitzgerald and Bruno's, Inc. (collectively "Piggly Wiggly") that the trial court erred by refusing to set aside a default judgment in favor of Annie Lou McCook, individually and as administratrix of the estate of her husband, John McCook. Piggly Wiggly contends the trial court erred by failing to exercise its inherent discretion to set aside a default judgment entered within the same term of court.

After Mr. McCook died, Mrs. McCook filed a wrongful death action against Piggly Wiggly in federal court, contending his death was caused by his fall in the Piggly Wiggly in Fitzgerald, Georgia. After

Piggly Wiggly filed a timely answer denying liability, Mrs. McCook dismissed the action in federal court and refiled the case in Ben Hill County Superior Court. Piggly Wiggly was timely served, but, because of a mistake at corporate headquarters in Alabama, did not file an answer within the 30 days prescribed by law or in the 15-day grace period.

After the time expired in which Piggly Wiggly could file an answer as a matter of right, Mrs. McCook obtained a default judgment against Piggly Wiggly for $589,858.87 that was based on evidence presented on damages. Piggly Wiggly, however, did not learn of the default judgment until Mrs. McCook attempted to levy against a Piggly Wiggly store. Then, in the same term of court in which the default judgment was entered, Piggly Wiggly moved to set aside the default judgment and open the default. The motion to set aside the default judgment was based on the trial court's inherent authority to set aside or modify a judgment within the same term of court in which the judgment was entered. Piggly Wiggly also filed the pleadings required by OCGA § 9-11-55 (b) to open a default. For the required showing of a meritorious defense, Piggly Wiggly set up the defense that Mr. McCook's death was the result of a heart attack that caused him to fall in the store, and not a slip and fall. The trial court denied the motion to set aside and, consequently, did not consider the motion to open the default.

Piggly Wiggly contends the trial court decided the motion applied based only on the criteria set forth in OCGA § 9-11-60 (d), and refused to exercise the court's inherent discretionary authority to set aside for meritorious reasons a judgment entered within the same term of court. Piggly Wiggly contends the trial court erred by failing to find the circumstances of this default provided a meritorious reason to set aside the default judgment, by failing to find that its defenses provided a meritorious reason to set aside the default judgment, and also by failing to find that the conduct of McCook's attorney provided a meritorious reason to set aside the default judgment. Piggly Wiggly also contends the trial court erred, as a matter of law, by applying the standards set forth in OCGA § 9-11-60 (d) to its discretionary motion to set aside a judgment entered in the same term of court, by not exercising its discretion to set aside the default judgment for any meritorious reason, and by not allowing the presentation of evidence relevant to its meritorious defenses. *Held*:

1. In ruling on Piggly Wiggly's motion, the trial court held: "OCGA 60 controls, the Official Code of Georgia 9-11-60 controls in this situation. Default may be opened after judgment and this is a post-judgment default, not a 9-11-55 (b) pre-judgment default. It's post-judgment obviously and the motion to set aside must be based on fraud, none of which is alleged, pled or shown; accident, there's no

accident here; or mistake. There's a mistake here. Or acts of the adverse party unmixed with the negligence or fault of the movant. The mistakes are the defendant's mistakes in face of information that put him or should have put him on notice that time was of the essence in these circumstances, and if there were mistakes, it was due to the negligence of the defendants in this case without any fault, fraud, on the part of the plaintiffs. I'm going to let the judgment stand." Additionally, the trial court specifically reserved the issue of Piggly Wiggly's motion to open the default until this court determined that the judgment should have been set aside.

Considering the comments quoted above, it is apparent that the trial court believed that the default judgment could not be set aside unless the criteria of OCGA § 9-11-60 (d) were satisfied. Thus, the trial court did not consider whether to exercise its inherent power to set aside the default judgment which was entered within the same term of court as Piggly Wiggly's motion to set aside the judgment. "It has always been the rule in this State that where a judgment is not based on the verdict of a jury, but is the act of the judge, it is in the breast of the court during the term in which it is rendered, and in the exercise of a sound discretion, the judge may set it aside." *Martin v. GMC*, 226 Ga. 860, 862 (178 SE2d 183). Thus, whatever limitations may exist in OCGA § 9-11-60 (d) for post-term motions to set aside, "[a] trial judge has the power during the same term of court at which a judgment is rendered to reverse, correct, revoke, modify or vacate the judgment in the exercise of his discretion. This inherent power of the trial court was not changed by passage of the Civil Practice Act." (Citation omitted.) *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278). The judgment of the trial court denying the motion to set aside must be reversed and the case remanded so that the court properly may exercise its discretion. *Johnson v. Hooks*, 156 Ga. App. 257, 258 (274 SE2d 666).

2. Because of our disposition in Division 1, we need not address Piggly Wiggly's other enumeration of error.

*Judgment reversed and remanded. Ruffin, J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I agree with the judgment of the majority opinion and with its analysis. I write specially to stress that this case is remanded for the trial court's consideration of whether or not to grant Piggly Wiggly's motion to set aside the judgment brought within the same term of court in which the judgment was rendered under the court's inherent powers. As the trial court appears to have limited its authority by the requirements of OCGA § 9-11-60 (d), the case should be remanded so that it might exercise its discretion unfettered by such limitation.

Nothing in this concurrence should be construed as a comment upon the merits of Piggly Wiggly's motion.

DECIDED FEBRUARY 16, 1995.

Alston & Bird, G. Conley Ingram, William T. Plybon, Martin, Snow, Grant & Napier, John C. Edwards, Jay C. Traynham, Hodges, Erwin, Hedrick & Kraselsky, Kenneth B. Hodges, Jr., for appellant.

Morris, Webster & Corless, F. Leonard Morris, Jr., Craig A. Webster, for appellees.