## CRENSHAW *et al. v.* KENER, next friend, *et al.*

The allegations in the plaintiff's petition were insufficient to constitute a cause of action, and there was no error in dismissing the petition upon general demurrer.

Submitted July 18, 1906.—Decided February 27, 1907.

Equitable petition. Before Judge Freeman. Troup superior court. November 18, 1905.

Thomas C. Crenshaw, James G. Truitt, and Mrs. Mary A. Wright brought an equitable petition against the LaGrange Mills (a corporation), T. M. Kener, Eugenia C. Peavy, and George L. Peavy. The petition alleged, among other things, the following: Godfrey Kener died intestate, in June, 1879, leaving an estate consisting of about two and a half acres of land in the city of LaGrange, Georgia, which was known as the Kener Homestead property. He left surviving him his wife, Mary J. Kener, then and ever since an inmate of the State Lunatic Asylum and hopelessly insane, and four children, Eugenia C. Peavy, W. G. Kener, T. M. Kener, and Annie Kener. W. G. Kener has since died, leaving as his next of kin his above-mentioned brothers and sisters. At the time of his death, Godfrey Kener owed a large sum of money, and among his creditors were A. & F. S. Tharpe, who held judgments against him for large amounts of money. George L. Peavy, who married Eugenia C. Kener, administered upon the estate of Godfrey Kener, but did not sell the real estate. The executions issuing upon the judgments in favor of A. & F. S. Tharpe were levied upon the real estate, and it was sold by the sheriff thereunder, in December, 1879, and Eugenia C. Peavy became the purchaser. The sheriff made her a deed, and she went into immediate possession of the property. In 1881 she desired to sell this property to Thomas C. Crenshaw, and he sought legal advice as to the title and was assured by the attorney whom he consulted that the title was all clear, except as to the right of Mary J. Kener to dower in the land. When this matter was brought to the attention of Eugenia C. Peavy, she assured Crenshaw that there never would be any trouble about the dower; that she would make him a warranty deed to the property, and that she, her husband, George L. Peavy, W. G. Kener, and T. M. Kener would indemnify him against all claim of dower on the part of Mary J. Kener, the widow. With these assurances, the execution of the warranty deed and an indemnifying bond, signed by the above-mentioned parties, Crenshaw purchased the premises, paying Mrs. Peavy $2,500 therefor, and taking immediate possession of the same. It is further alleged, that Crenshaw would not have purchased the land "without the absolute assurance of Eugenia C. Peavy, George L. Peavy, W. G. Kener, and T. M. Kener that no claim or dower would ever be set up by Mary J. Kener, then

hopelessly insane and the mother of said Eugenia C. Peavy, W. G. Kener and T. M. Kener, and the execution of said bond of indemnity, which was the main inducement to said Crenshaw to make said purchase, and on which he acted;" that he paid full value for the property, no diminution in price being made on account of any dower right of Mrs. Mary J. Kener; and that Crenshaw expended more than $3,000 in improvements on the property, and on May 5, 1882, sold it to Mrs. Mary E. Wright for $2,750, making her a warranty deed to it. She took possession and expended $3,000 in the erection of a brick warehouse thereon; and on March 8, 1888, sold the premises to J. G. Truitt for $8,200, making him a warranty deed thereto and putting him in possession. On May 23, 1888, Truitt sold and conveyed the property to the LaGrange Mills for $8,200, making it a warranty deed. Neither Mrs. Wright nor Truitt had any notice of the dower right of Mrs. Mary J. Kener. The LaGrange Mills, believing the title perfect and free from incumbrance, went into possession of the property and erected large cotton mills on the premises, at a cost of over $300,000. The company was in undisturbed possession of the premises from May, 1888, until in 1902, when Thomas M. Kener, as next friend of Mary J. Kener, filed an equitable petition against it, claiming dower in the premises, and, at the May term, 1905, of the superior court, obtained a verdict against said LaGrange Mills for $2,500, for which, and costs, judgment was entered up; the same being for the rental value of the dower interest of Mary J. Kener from May, 1888, to May, 1905. Commissioners were appointed at that term of the court to assign dower to Mary J. Kener in said property for the rest of her life. "Thomas M. Kener, Eugenia C. Peavy, and George L. Peavy well [knew] that Mary J. Kener could never enjoy any part of the dower money, because of her unfortunate condition, and that at her death they would inherit same as her heirs at law." Execution is about to issue in the name of Thomas M. Kener, as next friend of Mary J. Kener, for $2,500, and payment of the same will be "forced out of said LaGrange Mills, by a levy and sale of property of said Mills, unless payment is made by it." "Said Mary J. Kener has no guardian or trustee, and no one is legally authorized to receive said money." Eugenia C. Peavy, Geo. L. Peavy, and Thomas M. Kener, although solvent when the indem-

nity bond was made, are now each wholly insolvent. Petitioners have been put on notice of said suit for dower and that they will be held to respond for whatever amount the LaGrange Mills has to pay on account of said dower recovery. The amount already awarded for dower and whatever amount may be set apart in the future is a trust fund, which the court should see shall be preserved for the use and benefit of Mary J. Kener, should she at any time in the future be restored to sanity. She is now and has been, since her confinement in the State asylum, cared for at the public expense. "Petitioners are informed, and charge the fact to be, based on the testimony of physicians in charge of said institution, that there is no hope of a return to sanity on the part of said Mary J. Kener, who is now far advanced in life, being nearly eighty years of age, and in the order of nature can not live much longer, and at her death the dower estate consisting of rent money under the law will descend to her children. After the death of Godfrey Kener the said Thomas M. Kener waited twenty-two years before proceeding as next friend for his mother. It is expressly charged that this proceeding on his part is really for his own benefit and that of his sister, Eugenia C. Peavy. . . In view, therefore, of said bond of indemnity, inducing as it did the sale of this property to Thomas C. Crenshaw, and to rights of which the other vendees under him are subrogated, and the total insolvency of said Eugenia C. Peavy, George L. Peavy, and Thomas M. Kener, it would be inequitable and unjust that they should be allowed any personal benefit from this estate. under their solemn agreement with said Crenshaw."

The prayers are: that Thomas M. Kener and his attorneys be restrained from proceeding to collect the $2,500 until a trustee or guardian is appointed to receive and take charge of the same, and that the LaGrange Mills be restrained from paying the same until then; that the court appoint a trustee for this fund and authorize such trustee "to deposit said sum in the LaGrange Banking & Trust Company, a solvent banking institution, until the further order of the court," said bank being willing to pay three per cent. interest upon the same; "that such trustee as may be appointed be required to give bond with good security and . . under order of [the] court hold said fund, together with any future rental that may be set apart out of said property for the

said Mary J. Kener, and which future rental he shall be authorized
to collect and likewise deposit with a like interest; all of these
funds to be held for the use and benefit of Mary J. Kener, and
should she in the future become sane again, then and in that event
the entire fund shall be turned over to her as her right and property; that should said Mary J. Kener remain insane till her death,
so that said fund could not legally be turned over to her, at her
death then said fund shall be held by said trustee for the use and
benefit of said LaGrange Mills, warrantee of the title, paid over
to said mills, with interest accrued thereon, under a decree to be
rendered on the final trial of this case. If the court should be in
doubt as to the appointment of a trustee as prayed for, that he
appoint a receiver to collect and hold said fund subject to the
order of [the] court and for the uses prayed." A restraining
order was granted temporarily enjoining T. M. Kener, as next
friend, from proceeding to collect the judgment, and ordering him
to show cause why the injunction should not be made permanent.
The defendant filed a demurrer and an answer. At the appearance term, the restraining order was dissolved and the petition dismissed on general demurrer. The plaintiff excepted, and assigns
error upon both rulings.

*F. M. Longley* and *W. T. Tuggle,* for plaintiffs.

*W. H. Terrell, Frank Harwell, Hatton Lovejoy,* and *A. H. Thompson,* for defendants.

ATKINSON, J. We agree with the court that no cause of action
was set forth. The petition shows the existence of a valid judgment in favor of Kener as next friend, for the use of his insane
mother, for the recovery of certain money claimed to be due for
the use of property to which she was entitled for life as dower.
While the dower interest in the land was only a life-estate, the interest in the income from the estate in dower during its existence
is absolute and belongs to the widow. The dower interest is not
lost to the widow by reason of her being insane. The son, as next
friend, has no personal interest in the recovery, and, before he
will be permitted to receive the money, the court should see to it,
if the parties at interest require, that he executes a proper bond.
Civil Code, §4843. The objection of the plaintiffs in the present
suit, that the next friend has not given bond, is premature. The
time to urge that is when the money is to be paid over. Such is

not a good ground to avoid pressing the judgment to collection. See *Oxford Knitting Mills* v. *Sutton,* ante, 162. It is contended that the next friend and his sister, Mrs. Eugenia C. Peavy, who are the heirs at law of Mrs. Kener, are insolvent, and that they are obligated by a guaranty contract to protect the present plaintiffs against damage which might arise by an assertion of the dower interest, and that unless the money arising from an enforcement of the judgment should be impounded now by the court, the fund will be appropriated by the heirs, and the plaintiffs will suffer irreparable loss thereby. This question also is prematurely raised. These anticipatory heirs could have no interest by inheritance, until the death of their mother. The possibility of subjecting such money as they may inherit from their mother is no ground for delaying or defeating the collection of the judgment.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*