BARNES, J„
for the Court:
¶ 1. This action originated after Gladys Posey conveyed title to approximately 132 acres of her property to her sons, Paul and Robert Posey (Appellants), on September 13, 2007, through two separate deeds. Prior to that conveyance, Gladys had also conveyed approximately two acres of land to Robert’s daughter and grandson, Hope and Dylan Chunn, in 2006. Gladys retained a life estate in the property. Two of Gladys’s other children, Dorothy Pope and Willard Posey (Appellees), filed a complaint against Robert, Paul, and the Chunns in 2008, seeking to set aside the deeds and claiming that Dorothy and Willard had acquired title to some of the property in question through adverse possession.
¶ 2. Dorothy had been deeded a two and one-half acre parcel of land by her father in 1984.[1] Along with the deeded property, she also utilized another twenty-five acres of the property, building fences, cutting timber, and constructing buildings. Dorothy acknowledged that the majority of the land belonged to her parents, but she acted as if it were her property. Dorothy claimed that this was the property she was due to inherit upon her parents’ deaths.
¶ 3. Around 1994, Willard began possessing approximately sixty acres of his parents’ property. Willard cut timber from the property, even providing his mother with proceeds from the sale of the timber. However, no property was ever deeded to Willard.
*1185 ¶ 4. After Gladys executed the two deeds to the Appellants in 2007, conveying almost the entire property inherited from her husband, the Appellees filed a complaint to cancel the deeds and to confirm their title by adverse possession. The Neshoba County Chancery Court entered a final judgment on January 30, 2012, finding that the deeds conveying property to the Appellants should be set aside as a result of undue influence.[2] The judgment also granted the Appellees’ claims of title by adverse possession.
¶ 5. On appeal, the Appellants challenge the chancery court’s decision that the Ap-pellees acquired title to land owned by Gladys through adverse possession. However, since the Appellants do not contest the chancellor’s finding that the underlying deeds were void as a result of undue influence, the Appellees argue that the named Appellants no longer have standing to appeal the judgment. Upon review, we conclude that the Appellees are correct and dismiss the appeal.[3]
DISCUSSION
¶ 6. Mississippi Code Annotated section 11-51-3 (Rev.2012) states that a notice of appeal may be taken from a final judgment “by any of the parties or legal representatives of such parties[.]” There is no question that the Appellants were parties to the underlying judgment. But it is equally apparent that their mother, Gladys, was not designated as a party in the chancery court action.[4] Furthermore, she is not named as a party to the appeal of the chancery court’s decision. Mississippi Rule of Appellate Procedure 3(c) says that “[t]he notice of appeal shall specify the party or parties taking the appeal!.]” Therefore, this Court must examine: (1) whether the Appellants have standing to appeal the chancery court’s finding that the Appellees obtained title to the property at issue by adverse possession; and (2) whether Paul, as Gladys’s legal representative through a power of attorney, filed the appeal on her behalf.
I. Do the Appellants have standing to appeal?
¶ 7. “[P]arties have standing to ‘sue or intervene when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise authorized by law.’ ” DeSoto Times Today v. Memphis Publ’g Co., 991 So.2d 609, 612 (¶ 8) (Miss.2008) (quoting Fordice v. Bryan, 651 So.2d 998, 1003 (Miss.1995)). Clearly, as recipients of the deeds from Gladys, the Appellants had standing to participate in the underlying chancery court action.
¶ 8. However, as a result of the chancellor’s ruling of undue influence, which voided the deeds, the Appellants no longer maintained any property interest when the appeal was filed. “A party’s claim ‘must be grounded in some legal right recognized by law, whether by statute or by common law[,]’ and that party *1186 must be able to show that it has ‘a present, existent actionable title or interest.’ ” In re City of Biloxi, 113 So.3d 565, 570 (¶ 13) (Miss.2013) (quoting City of Picayune v. S. Reg’l Corp., 916 So.2d 510, 526 (¶ 40) (Miss.2005)). Since the Appellants do not appeal the chancellor’s decision to void the warranty deeds, they no longer possess a “present, existent actionable interest” in the property at issue. The Appellants have also acknowledged that, at the time of appeal, Gladys was the only person who would benefit from a reversal of the chancellor’s finding that the Appellees gained title through adverse possession.[5] Consequently, we find the Appellants lack standing to appeal the chancellor’s decision.
II. Did Paul have the authority to file the appeal on Gladys’s behalf, and was he acting as her legal representative?
¶ 9. As we have just mentioned, the Appellants admit that “the only person (among the Appellants) who could benefit from a reversal of the [cjhancellor’s finding of adverse possession was, and is, Gladys Posey.” But they claim that it is “equally obvious” that the Appellants “were attempting to act on Gladys’s behalf when they filed the appeal.” The Appellants contend that since Paul was Gladys’s legal representative, he had the power to participate in the appeal on her behalf.
¶ 10. In April 2008, Paul obtained a power of attorney (POA) for his mother, Gladys. Section (g) of the referenced durable POA gave Paul the following right:
To commence, and prosecute in my [ (Gladys’s) ] behalf, any suits or actions or other legal or equitable proceedings for the recovery of my lands or for any goods, chattels, debts, duties, demand, cause or thing whatsoever, due or to become due or belonging to me, and to prosecute, maintain, and discontinue the same, if my attorney-in-fact deem[s] properf.]
(Emphasis added). Although generally one does not have the right to appeal another’s interest, this language in the POA makes it clear that Paul had the authority to assert any legal claims on his mother’s behalf.[6] On May 6, 2013, Paul, acting as “attorney-in-fact” for his mother, joined her in the Appellants’ response to the Appellees’ motion to dismiss. Paul signed the motion to join the appeal (join-der) on his mother’s behalf. As already noted, she died several days later.
¶ 11. The Appellants assert that Gladys was elderly and easily confused and needed someone to act on her behalf. Yet they also fiercely maintain that she was mentally competent. This claim is supported by the physicians’ statements in the record. Her deposition reflects that while Gladys was quite stubborn and spoke her own mind about certain matters, she did not always understand what was happening, especially in relation to the intricacies of legal matters. The chancery court’s unap- *1187 pealed finding of undue influence certainly supports this view.
¶ 12. Nothing in the record suggests that any of the parties attempted to join Gladys as a party in the proceedings below. The Appellants admit that Gladys was a “necessary” party below, but they allowed the trial to proceed in her absence. In practical terms, the Appellants sought to remove their mother from the acrimonious proceedings as much as possible. This attempt, while noble, appears to have been short-sighted, as Gladys had retained a life estate in the property. The Appellants should have joined Gladys in the action below as a necessary party, anticipating that she could regain her entire interest in the property if the deeds were rendered void.
¶ 13. Admittedly, our supreme court has held: “Any court of this State sitting as an appellate court has the inherent authority to allow additional parties to participate in the appeal upon timely application or upon the court’s invitation.” Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996) (emphasis added and citation omitted). However, we find no evidence that, at the time that the appeal was filed, the Appellants were acting on behalf of Gladys or attempting to include her as a party to the action. Furthermore, while the POA gave Paul authority to commence an action on Gladys’s behalf, he never attempted to do so until almost fifteen months after the original notice of appeal had been filed.[7] All briefs, motions, and the like, were filed solely on behalf of the Appellants. Paul only sought to join Gladys as an appellant when it became apparent Robert and Paul did not have standing to appeal.[8]
¶ 14. Because it is evident that the Appellants were not acting on Gladys’s behalf prior to filing the joinder on May 6, 2013, it is difficult to see how this Court could proceed with this case on the merits. “Pursuant to Rule 3(c) [of the Mississippi Rules of Appellate Procedure], our review is limited to those parties named in an appellant’s notice of appeal.” Estate of Perry ex rel. Rayburn v. Mariner Health Care Inc., 927 So.2d 762, 765 (¶ 8) (Miss.Ct.App.2006). As we have already determined, the named Appellants do not have standing.
¶ 15. Therefore, it is the opinion of this Court that the appeal should be dismissed.
¶ 16. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Madison Posey, the parties’ father, died in 2004, leaving all of the property to his wife, Gladys. All told, the property encompassed approximately 138 acres in Neshoba County, Mississippi.

. The chancellor dismissed the claims against the Chunns during a bench trial on November 20, 2010. Consequently, they are not parties to this appeal.

. The Appellees also filed a motion to dismiss the appeal. Based on our finding that the Appellants do not have standing, we grant the motion.

.The attorney for the Appellants in the chancery court action noted during Gladys's deposition: "Ms. Posey!,] as she has not been made a party to this action, I have been retained by Paul and Robert Posey to represent their interests as well as Hope Chunn's and Dylan Chunn’s in this matter. To date, I have not been retained by Ms. Gladys Posey in this matter pending.”

. As to whether the Appellants had an interest in the property as anticipatory heirs, the Mississippi Supreme Court has noted that “no person is an heir of another living personf.]” Berry v. Berry, 463 So.2d 1031, 1032 (Miss.1984); see also Crenshaw v. Kener, 127 Ga. 742, 57 S.E. 57, 59 (1907) ("[Ajnticipatory heirs could have no interest by inheritance until the death of their mother.”). We do observe that since the filing of the appeal, Gladys has died. However, while Gladys’s heirs may have a "colorable” interest, there is nothing in the record to reflect who those interested parties might be. This Court makes no determination as to the effect of the Appellees' adverse-possession claim on Gladys’s estate, as she was not a named party to the action.

. The rights conveyed to Paul under the POA have now been extinguished due to Gladys's death.

. The notice of appeal was filed on February 21, 2012; the joinder was filed on May 6, 2013.

. As the Appellees note in their “Suggestion of Death," Paul’s standing as Gladys's legal representative is no longer in effect, as the POA is extinguished. Rather, only the duly appointed executor or administrator of her estate would have that authority. There has been nothing further filed on behalf of Gladys by her estate.